**James David OWENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01203–CR.**

Court of Appeals of Texas,
Dallas.

May 26, 1992.

Fred Tinsley, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

THOMAS, Justice.

James David Owens appeals his conviction for unauthorized use of a motor vehicle. In a single point of error, Owens contends that the trial court abused its discretion when it denied him a hearing on his motion for new trial. Because we find that Owens waived an evidentiary hearing, we overrule his point of error. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

The State charged Owens with unauthorized use of a motor vehicle, enhanced with one prior conviction. Owens waived a jury trial and entered a guilty plea. The trial court found Owens guilty and assessed punishment according to a plea-bargain agreement at fifteen years' confinement and a $500 fine. The sentence was imposed on May 29, 1991.

On June 20, 1991, Owens filed a motion for new trial on a preprinted form. His motion asked the trial court to grant a new trial on grounds of imprisonment for debt, ineffective assistance of counsel, newly discovered evidence, and the trial judge's failure to recuse himself. Without a hearing, the trial court denied the motion on September 6, 1991.

The notice of appeal does not state that Owens has the trial court's permission to appeal, nor does it specify that any matters were raised by written motion and ruled on before trial. On the preprinted-form motion, Owens indicated that he sought to appeal the plea bargain, the sentence, his "motion in arrest of judgment,"[1] his waivers, and the trial judge's failure to recuse himself.

## RIGHT TO APPEAL

In a counterpoint, the State contends that this appeal should be dismissed. The State argues that Owens has no right to appeal because he failed to obtain the trial court's permission to appeal and because he failed to comply with rule 40(b)(1) of the Texas Rules of Appellate Procedure. We disagree with the State that this appeal should be dismissed under rule 40(b)(1). *Davis v. State*, 832 S.W.2d 356, 358 (Tex. App.—Dallas 1992, no pet.). If an appellant does not comply with rule 40(b)(1), the rule limits the reviewing court's consideration of nonjurisdictional defects or errors to those that occur after the entry of the

1. The record does not reflect that Owens ever    filed such a motion.

guilty plea. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Davis*, at 358. This point of error complains of an action of the trial court after Owens entered his guilty plea—the denial of a hearing on the motion for new trial. Thus, we hold that Owens has a right to have this Court consider his point. *See Davis*, at 358.

## DENIAL OF AN EVIDENTIARY HEARING

In the sole point of error, Owens contends that the trial court abused its discretion by denying him a hearing on his motion for new trial. Because the record indicates that Owens did not timely present his motion for new trial, we conclude that Owens waived his right to an evidentiary hearing.

### A. Motion Was Overruled by Operation of Law

■ First, we note that the motion actually was overruled by operation of law, despite the September 6, 1991 order denying the motion. A motion for new trial that is not determined by written order is considered overruled by operation of law upon expiration of seventy-five days after the date the sentence is imposed or suspended in open court. Tex.R.App.P. 31(e)(1) & (3). Owens's sentence was imposed on May 29, 1991. The trial judge did not sign the order denying the motion for new trial until September 6, 1991—more than seventy-five days after the sentence was imposed. Thus, the motion already had been overruled by operation of law.

### B. Motion Was Not Timely Presented

■ Granting or denying motions for new trial rests within the discretion of the trial court, and appellate courts ordinarily will not reverse that decision, unless it is shown that the trial court abused its discretion. This rule also applies where the trial court denies the motion without an evidentiary hearing. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *Kiser v. State*, 788 S.W.2d 909, 914 (Tex. App.—Dallas 1990, pet. ref'd). The defendant must timely file and present the motion to the trial court under rule 31 of the Texas Rules of Appellate Procedure. Rule 31(c)(1) of the Texas Rules of Appellate Procedure provides:

> ... An accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after date sentence is imposed or suspended in open court.

Tex.R.App.P. 31(c)(1).

■ Owens's sentence was imposed on May 29, 1991. The record demonstrates that the motion for new trial was timely filed on June 20, 1991. *See* Tex.R.App.P. 31(a). However, the record does not affirmatively show that the motion was ever *timely presented* to the trial court. The preprinted motion for new trial recites the following:

> **Certification of Service & Presentment.** The undersigned attorney for Defendant hereby certifies to the Court that true and correct copies of the foregoing were presented to the Trial Judge and served by hand delivery or mail addressed to counsel for the State of Texas on the date that the same was filed in this Court.

The motion also requests a hearing on the motion. However, there is no evidence that the motion was ever presented to the trial court.[2] There is no proposed order attached to the motion setting a date for a hearing on the motion. *Enard v. State*, 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no pet.). There is no motion for a hearing on the motion for new trial. *See Dugard v. State*, 688 S.W.2d 524, 529–30 (Tex.Crim.App.1985) (new-trial

---

**2.** The State argues that Ross Teter, the purported counsel on the motion for new trial, had no authority to act on Owens's behalf because he was neither trial counsel nor appellate counsel. Thus, the claim of presentment, made by some- one without authority to represent Owens, would have the same effect as if the claim had not been made. Because of our disposition of the case, it is not necessary to reach the State's argument.

**112**

motion was not timely presented where the appellant's attorney filed a motion for hearing on his new-trial motion after the required time for presentment had passed). There is no written notation anywhere in the record indicating that the motion was ever actually presented to the court or that the court was ever put on notice that Owens desired a hearing. *Enard,* 764 S.W.2d at 575; *see Green v. State,* 754 S.W.2d 687, 687 (Tex.Crim.App.1988); *see also Grimes v. State,* 349 S.W.2d 598, 599 (Tex.Crim. App.1961) (the appellant's attorney should have taken more affirmative steps to get a hearing on his motion). Rule 31 requires that both filing the motion *and* presenting it to the court be timely. TEX.R.APP.P. 31(a) & (c). Merely filing a motion does not constitute evidence of its presentment to the court. Thus, nothing in the record shows that Owens presented his motion within ten days after filing it or that the trial court permitted it to be presented and heard within seventy-five days from after the sentence was imposed. TEX.R.APP.P. 31(c)(1).

■ A denial of a hearing on a motion for new trial is not error if the motion does not comply with rule 31. *See Kiser,* 788 S.W.2d at 915. Because the motion for new trial was not timely presented, it was not properly before the trial court. Therefore, there was no error in the trial court's failure to hold a hearing and in allowing the motion to be overruled by operation of law. *Kiser,* 788 S.W.2d at 915; *see also Dugard,* 688 S.W.2d at 530. We overrule the point of error and affirm the trial court's judgment.