NO. 07-01-0417-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 4, 2002



______________________________




ADEDAYO TAIWO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW NO. 14 OF HARRIS COUNTY;



NO. 1057017; HONORABLE GERALD PAYTE, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ. 

 Pursuant to a plea of not guilty, appellant Adedayo Taiwo was convicted of
misdemeanor theft and punishment was assessed by the court at 180 days confinement,
suspended for two years, and a $500 fine. Presenting three points of error on appeal,
appellant asserts (1) the trial court abused its discretion in failing to hold an evidentiary
hearing on her motion for new trial because the motion raised matters that were not
determinable by the record; (2) the trial court erred in denying her motion for continuance;
and (3) the verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust and therefore factually insufficient. Based upon the rationale
expressed herein, we affirm.

 The State challenges all factual assertions made by appellant in her brief. Thus,
our recitation of the facts is based on an independent review of the record. On a Sunday
afternoon just prior to closing, appellant, a sales associate at a department store, rang up
merchandise for two women. Helen Palmer, the sales manager, had noticed that the two
women had numerous articles of clothing from different departments including very
expensive designer clothes. She observed appellant ring up the sale for a brief period and
walked to another department before appellant completed the sale. When Palmer
returned to appellant's register, the two women had left and Palmer asked to see the
receipt. The receipt was for $245.86 for six items. In disbelief, Palmer questioned
appellant and appellant immediately caught up with the women and asked to check their
bags for a possible mistake. Palmer contacted another manager, William Flinn, to assist
in comparing the receipt with the items in the bags. The security guard had gone home
sick earlier that afternoon and the department store did not have security cameras. The
merchandise was counted and the two women were in possession of a total of 18 items
valued at $1,400.97. According to the evidence, at first the two women were embarrassed
but later became angry and demanded a refund. A refund was made to their credit card
and the women were permitted to leave. Police were called and appellant was charged
with theft. 


 By her first point of error, appellant contends the trial court abused its discretion in
failing to hold an evidentiary hearing on her motion for new trial because the motion raised
matters that were not determinable by the record. We disagree. A defendant does not
have an absolute right to a hearing on a motion for new trial. Reyes v. State, 849 S.W.2d
812, 815 (Tex.Cr.App. 1993). However, when a motion for new trial presents matters that
are not determinable from the record, the trial court abuses its discretion by failing to hold
a hearing; conversely, if the motion presents matters that are determinable from the
record, the trial court does not abuse its discretion by failing to conduct a hearing. Id. at
816.

 Prerequisite to a hearing, a movant must show that the motion was presented to the
trial court within ten days of its filing. Tex. R. App. P. 21.6. Presentment may be shown
by actual delivery of the motion to the trial court or otherwise bringing the motion to the trial
court's attention. See Carranza v. State, 960 S.W.2d 76, 79 (Tex.Cr.App. 1998)
(interpreting former Rule 31(c)(1) of the Texas Rules of Appellate Procedure). Appellant's
motion was filed on June 18, 2001, and by affidavit accompanying the motion, counsel
certified that she presented the motion to the trial court on June 19, 2001. The motion was
overruled by operation of law. The State argues that counsel's "Certificate of
Presentation" is insufficient evidence to indicate the motion was presented to the trial court
and that there is no evidence in the record to show the motion was brought to the trial
court's attention. 

 A "Certification of Service & Presentment" included in a preprinted motion for new
trial and signed by counsel standing alone was found to be insufficient evidence of
presentment in Owens v. State, 832 S.W.2d 109, 111-12 (Tex.App.-Dallas 1992, no pet.). 
See also Price v. State, 840 S.W.2d 694, 697 (Tex.App.-Corpus Christi 1992, pet. ref'd)
(holding that the trial court did not err in failing to conduct a hearing where there was no
evidence that the defendant had timely presented his motion to the trial court). Counsel
must take more affirmative steps to show that the trial court had actual notice of a
defendant's desire to have a hearing on a motion for new trial, i.e., a proposed order
attached to the motion setting a date for a hearing or a notation anywhere in the record
that the trial court was put on notice. Owens, 832 S.W.2d at 112. The mere filing of a
motion does not constitute evidence of its presentment to the trial court. Id.

 In the underlying case, appellant's motion for new trial was filed on June 18, 2001. 
It contains a "Certification of Presentation" wherein counsel certifies that she presented
the motion to the trial court on the day after the motion was filed. The motion presupposes
that counsel would present the motion to the trial court the following day. A proposed
order setting a hearing date attached to the motion is blank and there are no notations in
the record indicating the motion was brought to the trial court's attention. We agree with
the State that counsel's certification of presentment standing alone is insufficient to show
that appellant satisfied her burden to timely present her motion for new trial as required
by Rule 21.6 of the Texas Rules of Appellate Procedure. Thus, we conclude the trial court
did not abuse its discretion in failing to hold an evidentiary hearing on appellant's motion
for new trial. Point of error one is overruled.

 By her second point of error, appellant contends the trial court erred in denying her
motion for continuance presented at the time of trial. We disagree. A motion for
continuance is regulated by statute and must be in writing, sworn to, and is addressed to
the discretion of the trial court. Tex. Code Crim. Proc. Ann. arts. 29.03 and 29.08 (Vernon
1989); see also Wright v. State, 28 S.W.3d 526, 532 (Tex.Cr.App. 2000); Dixon v. State,
64 S.W.3d 469, 472-73 (Tex.App.-Amarillo 2001, no pet.); Hubbard v. State, 912 S.W.2d
842, 843 (Tex.App.-Houston [14th Dist.] 1995, no pet.). The record does not contain a
sworn written motion. During pretrial proceedings held on May 16, 2001, counsel for
appellant made an oral motion for continuance requesting additional time to prepare
because he had been substituted as counsel on May 8, 2001.

 A trial court has equitable power to grant an oral motion for continuance. Darty v.
State, 149 Tex. Crim. 256, 193 S.W.2d 195 (1946). However, counsel did not request the
trial court to exercise its equitable power nor does appellant argue on appeal that her
motion should have been granted on equitable grounds. Thus, her contention is not
preserved for review. Tex. R. App. P. 33.1(a)(1)(A); see generally, Dewberry v. State, 4
S.W.3d 735, 755 (Tex.Cr.App. 1999) (holding that a motion for continuance not in writing
and not sworn preserves nothing for review). Point of error two is overruled.

 By her final point, appellant contends the evidence is factually insufficient to support
the verdict. We disagree. A factual sufficiency review begins with the presumption that
the evidence supporting the conviction is legally sufficient. Clewis v. State, 922 S.W.2d
126, 134 (Tex.Cr.App. 1996). In conducting a factual sufficiency review we must
determine whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in
the fact finder's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.
2000) (adopting complete civil factual sufficiency formulation); see also King v. State, 29
S.W.3d 556, 563 (Tex.Cr.App. 2000). It is the exclusive province of the fact finder to
determine the credibility of the witnesses and the weight to be given their testimony. 
Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958
S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Theft is the unlawful appropriation of property with the intent to deprive the owner
of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2002). Among other
terms, the charge instructed the jury as to the definition of the term "appropriate" and
appellant does not present any complaint about the charge or subject definitions. Among
other direct evidence, Palmer testified that as sales manager she was responsible for
inventory, scheduling, and other duties in her department. She also testified that the year-end inventory reflected a shortage of $800,000 for the entire store which prompted
department managers to investigate their departments and according to Palmer, her
investigation lead her to focus on appellant. 

 According to Palmer, shortly before closing on April 1, 2001, she observed two
female customers with children walking through the store and carrying expensive
merchandise from other departments to appellant's register. At that time she estimated
that the customers presented approximately 20 items. While appellant was checking out
the items presented by the two women, Palmer went to appellant's register to observe the
transaction for ten minutes and concluded that appellant appeared to be nervous. While
appellant continued the transaction, Palmer walked to another department for what she
believed to be 20 seconds. Upon returning to appellant's register, she was surprised to
discover that the transaction had been concluded. When Palmer discovered that the
receipt showed that the sale consisted of only six items at a cost of $245.86, she stated,
"I can't believe this. This is not true." 

 Appellant responded to Palmer's disbelief by locating the two women on their way
to the escalator and explained that she may have made a mistake. Palmer testified that
the women had three regular store bags which was unusual because most customers
preferred that certain items remain on hangers and she also requested to compare their
receipt with the items in the bags. According to Palmer, before she inspected the bags,
she contacted another manager, William Flinn for his assistance. Upon his arrival, the
bags were emptied onto a counter and 18 items were counted. When the two women
became angry they were given a refund and allowed to leave. The police were called and
appellant was accused of theft. Palmer testified that as store manager she had the right
of possession to the items and that she had not given permission to appellant to give the
items away to the two customers. 

 Appellant was the only witness for the defense and denied giving any of the
additional 12 items to the two women and in other instances her testimony conflicts with
Palmer's account of the events. Appellant claims that when the two women came to her
register to check out they had only six items which she placed into one shopping bag and
that the women had another bag with them. According to appellant, while she was ringing
up the sale, Palmer and another associate were placing items on the back counter that had
been left about the store or in fitting rooms. Appellant also testified that when Palmer left
her department during the transaction she was gone three to four minutes and not just 20
seconds. Appellant also disputed Palmer's testimony that she told the customers she
might have made a mistake during the transaction. When Palmer asked to inspect the
customers' bags, she emptied the contents onto the back counter with the other items
already there. Appellant believed the six items she sold were mixed in with the other items
that were already on the back counter. Although Palmer testified that she did not inspect
the bags until Flinn arrived, appellant testified that she emptied the bags prior to his
arrival. Flinn's testimony, however, corroborates Palmer's testimony that she waited for
him to arrive before emptying the contents of the three bags to compare with the receipt
that the two women had produced. 

 Appellant focuses her argument on the absence of direct evidence on certain
points. Additionally appellant's testimony conflicted on other points with Palmer's. 
However, it is the province of the jury to resolve conflicts or inconsistencies in the
evidence. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982); Hitt v. State, 53
S.W.3d 697, 709 (Tex.App.-Austin 2001, pet. ref'd). Additionally, as the judge of the
credibility of the witnesses, the jury can believe all, some, or none of the testimony. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex.Cr.App. 1991). Moreover, circumstantial
evidence, alone, may be sufficient to support the jury verdict. Kutzner v. State, 994
S.W.2d 180, 184 (Tex. Cr.App. 1999). Considering the evidence, we conclude it is
factually sufficient to support the verdict and is not so weak as to be clearly wrong and
manifestly unjust. Johnson, 23 S.W.3d at 11. Appellant's third point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.



 SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00451-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



DECEMBER
29, 2010

 



 

CLARENCE CERF, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 55,527-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF
ABATEMENT AND REMAND

On
October 28, 2010, appellant, Clarence L. Cerf, filed a notice of appeal from a
judgment entered by the 251st District Court of Potter County,
Texas, in cause number 55,527-C.  In this
notice, appellant declares that he is entitled to proceed without cost under
Texas Rule of Appellate Procedure 20.2. 
Appellant did not, however, include an affidavit of indigency with his
notice of appeal.  However, we construe
this declaration to be a request that the appellate record be furnished to
appellant without charge.  On this basis,
we now abate and remand this cause. 

Upon
remand, the judge of the trial court is directed to immediately cause notice to
be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this
appeal, whether appellant is indigent; (3) if appellant is indigent, whether
appellant desires to be appointed representation on appeal.  If the trial court determines that appellant
is indigent, we further direct the trial court to order the clerk and reporter
to prepare the record and to provide the same to appellant or appellants
counsel.  Finally, if the trial court
determines that counsel should be appointed to represent appellant on appeal,
the court should cause the Clerk of this Court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed
attorney.  

Further,
the Criminal Information Sheet filed by the deputy clerk in this case indicates
that the trial court has not entered a certification of defendants right of
appeal.  Texas Rule of Appellate
Procedure 25.2(a)(2) requires that a trial court shall enter a certification of
defendant=s right of appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2);
Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex.
R. App. P. 25.2(d); Dears v. State, 154 S.W.3d 610, 615
(Tex.Crim.App. 2005).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal must be signed by
the defendant and a copy must be given to him. 
Tex. R. App. P. 25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

As it
appears that no certification of defendants right of appeal has been entered
in this case, on remand, we direct the trial court to utilize whatever means
necessary to secure a certification of defendant=s right of appeal that complies with Rule 25.2(d).  Once properly executed, the certification
shall be included in a supplemental clerk=s record and filed with the Clerk of this Court on or before
February 15, 2011.

This
order constitutes notice to all parties of the absence of a certification
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

On
remand, the trial court is directed to: (1) conduct any necessary hearings; (2)
make and file appropriate findings of fact, conclusions of law, and
recommendations and cause them to be included in a supplemental clerk=s record; (3) cause the hearing
proceedings to be transcribed and included in a supplemental reporter=s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than February 15, 2011.        

Per
Curiam

Do not publish.











[1]
The proper form for Certification of Defendant=s Right
of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.