NO. 07-01-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 4, 2002

_____

ADEDAYO TAIWO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 14 OF HARRIS COUNTY;

NO. 1057017; HONORABLE GERALD PAYTE, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea of not guilty, appellant Adedayo Taiwo was convicted of misdemeanor theft and punishment was assessed by the court at 180 days confinement, suspended for two years, and a $500 fine. Presenting three points of error on appeal, appellant asserts (1) the trial court abused its discretion in failing to hold an evidentiary hearing on her motion for new trial because the motion raised matters that were not

determinable by the record; (2) the trial court erred in denying her motion for continuance; and (3) the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust and therefore factually insufficient. Based upon the rationale expressed herein, we affirm.

The State challenges all factual assertions made by appellant in her brief. Thus, our recitation of the facts is based on an independent review of the record. On a Sunday afternoon just prior to closing, appellant, a sales associate at a department store, rang up merchandise for two women. Helen Palmer, the sales manager, had noticed that the two women had numerous articles of clothing from different departments including very expensive designer clothes. She observed appellant ring up the sale for a brief period and walked to another department before appellant completed the sale. When Palmer returned to appellant's register, the two women had left and Palmer asked to see the receipt. The receipt was for $245.86 for six items. In disbelief, Palmer questioned appellant and appellant immediately caught up with the women and asked to check their bags for a possible mistake. Palmer contacted another manager, William Flinn, to assist in comparing the receipt with the items in the bags. The security guard had gone home sick earlier that afternoon and the department store did not have security cameras. The merchandise was counted and the two women were in possession of a total of 18 items valued at $1,400.97. According to the evidence, at first the two women were embarrassed but later became angry and demanded a refund. A refund was made to their credit card

2

and the women were permitted to leave. Police were called and appellant was charged with theft.

By her first point of error, appellant contends the trial court abused its discretion in failing to hold an evidentiary hearing on her motion for new trial because the motion raised matters that were not determinable by the record. We disagree. A defendant does not have an absolute right to a hearing on a motion for new trial. Reyes v. State, 849 S.W.2d 812, 815 (Tex.Cr.App. 1993). However, when a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion by failing to hold a hearing; conversely, if the motion presents matters that are determinable from the record, the trial court does not abuse its discretion by failing to conduct a hearing. *Id.* at 816.

Prerequisite to a hearing, a movant must show that the motion was presented to the trial court within ten days of its filing. Tex. R. App. P. 21.6. Presentment may be shown by actual delivery of the motion to the trial court or otherwise bringing the motion to the trial court's attention. *See* Carranza v. State, 960 S.W.2d 76, 79 (Tex.Cr.App. 1998) (interpreting former Rule 31(c)(1) of the Texas Rules of Appellate Procedure). Appellant's motion was filed on June 18, 2001, and by affidavit accompanying the motion, counsel certified that she presented the motion to the trial court on June 19, 2001. The motion was

overruled by operation of law. The State argues that counsel's "Certificate of Presentation" is insufficient evidence to indicate the motion was presented to the trial court and that there is no evidence in the record to show the motion was brought to the trial court's attention.

A "Certification of Service & Presentment" included in a preprinted motion for new trial and signed by counsel standing alone was found to be insufficient evidence of presentment in Owens v. State, 832 S.W.2d 109, 111-12 (Tex.App.–Dallas 1992, no pet.). *See also* Price v. State, 840 S.W.2d 694, 697 (Tex.App.–Corpus Christi 1992, pet. ref'd) (holding that the trial court did not err in failing to conduct a hearing where there was no evidence that the defendant had timely presented his motion to the trial court). Counsel must take more affirmative steps to show that the trial court had actual notice of a defendant's desire to have a hearing on a motion for new trial, *i.e.*, a proposed order attached to the motion setting a date for a hearing or a notation anywhere in the record that the trial court was put on notice. *Owens*, 832 S.W.2d at 112. The mere filing of a motion does not constitute evidence of its presentment to the trial court. *Id.*

In the underlying case, appellant's motion for new trial was filed on June 18, 2001. It contains a "Certification of Presentation" wherein counsel certifies that she presented the motion to the trial court on the day after the motion was filed. The motion presupposes that counsel would present the motion to the trial court the following day. A proposed order setting a hearing date attached to the motion is blank and there are no notations in

4

the record indicating the motion was brought to the trial court's attention. We agree with the State that counsel's certification of presentment standing alone is insufficient to show that appellant satisfied her burden to timely present her motion for new trial as required by Rule 21.6 of the Texas Rules of Appellate Procedure. Thus, we conclude the trial court did not abuse its discretion in failing to hold an evidentiary hearing on appellant's motion for new trial. Point of error one is overruled.

By her second point of error, appellant contends the trial court erred in denying her motion for continuance presented at the time of trial. We disagree. A motion for continuance is regulated by statute and must be in writing, sworn to, and is addressed to the discretion of the trial court. Tex. Code Crim. Proc. Ann. arts. 29.03 and 29.08 (Vernon 1989); *see also* Wright v. State, 28 S.W.3d 526, 532 (Tex.Cr.App. 2000); Dixon v. State, 64 S.W.3d 469, 472-73 (Tex.App.–Amarillo 2001, no pet.); Hubbard v. State, 912 S.W.2d 842, 843 (Tex.App.–Houston [14th Dist.] 1995, no pet.). The record does not contain a sworn written motion. During pretrial proceedings held on May 16, 2001, counsel for appellant made an oral motion for continuance requesting additional time to prepare because he had been substituted as counsel on May 8, 2001.

A trial court has equitable power to grant an oral motion for continuance. Darty v. State, 149 Tex. Crim. 256, 193 S.W.2d 195 (1946). However, counsel did not request the trial court to exercise its equitable power nor does appellant argue on appeal that her motion should have been granted on equitable grounds. Thus, her contention is not

5

preserved for review. Tex. R. App. P. 33.1(a)(1)(A); *see generally*, Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Cr.App. 1999) (holding that a motion for continuance not in writing and not sworn preserves nothing for review). Point of error two is overruled.

By her final point, appellant contends the evidence is factually insufficient to support the verdict. We disagree. A factual sufficiency review begins with the presumption that the evidence supporting the conviction is legally sufficient. Clewis v. State, 922 S.W.2d 126, 134 (Tex.Cr.App. 1996). In conducting a factual sufficiency review we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

6

Theft is the unlawful appropriation of property with the intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2002). Among other terms, the charge instructed the jury as to the definition of the term "appropriate" and appellant does not present any complaint about the charge or subject definitions. Among other direct evidence, Palmer testified that as sales manager she was responsible for inventory, scheduling, and other duties in her department. She also testified that the year-end inventory reflected a shortage of $800,000 for the entire store which prompted department managers to investigate their departments and according to Palmer, her investigation lead her to focus on appellant.

According to Palmer, shortly before closing on April 1, 2001, she observed two female customers with children walking through the store and carrying expensive merchandise from other departments to appellant's register. At that time she estimated that the customers presented approximately 20 items. While appellant was checking out the items presented by the two women, Palmer went to appellant's register to observe the transaction for ten minutes and concluded that appellant appeared to be nervous. While appellant continued the transaction, Palmer walked to another department for what she believed to be 20 seconds. Upon returning to appellant's register, she was surprised to discover that the transaction had been concluded. When Palmer discovered that the receipt showed that the sale consisted of only six items at a cost of $245.86, she stated, "I can't believe this. This is not true."

Appellant responded to Palmer's disbelief by locating the two women on their way to the escalator and explained that she may have made a mistake. Palmer testified that the women had three regular store bags which was unusual because most customers preferred that certain items remain on hangers and she also requested to compare their receipt with the items in the bags. According to Palmer, before she inspected the bags, she contacted another manager, William Flinn for his assistance. Upon his arrival, the bags were emptied onto a counter and 18 items were counted. When the two women became angry they were given a refund and allowed to leave. The police were called and appellant was accused of theft. Palmer testified that as store manager she had the right of possession to the items and that she had not given permission to appellant to give the items away to the two customers.

Appellant was the only witness for the defense and denied giving any of the additional 12 items to the two women and in other instances her testimony conflicts with Palmer's account of the events. Appellant claims that when the two women came to her register to check out they had only six items which she placed into one shopping bag and that the women had another bag with them. According to appellant, while she was ringing up the sale, Palmer and another associate were placing items on the back counter that had been left about the store or in fitting rooms. Appellant also testified that when Palmer left her department during the transaction she was gone three to four minutes and not just 20 seconds. Appellant also disputed Palmer's testimony that she told the customers she

8

might have made a mistake during the transaction. When Palmer asked to inspect the customers' bags, she emptied the contents onto the back counter with the other items already there. Appellant believed the six items she sold were mixed in with the other items that were already on the back counter. Although Palmer testified that she did not inspect the bags until Flinn arrived, appellant testified that she emptied the bags prior to his arrival. Flinn's testimony, however, corroborates Palmer's testimony that she waited for him to arrive before emptying the contents of the three bags to compare with the receipt that the two women had produced.

Appellant focuses her argument on the absence of direct evidence on certain points. Additionally appellant's testimony conflicted on other points with Palmer's. However, it is the province of the jury to resolve conflicts or inconsistencies in the evidence. Bowden v. State, 628 S.W.2d 782, 784 (Tex.Cr.App. 1982); Hitt v. State, 53 S.W.3d 697, 709 (Tex.App.–Austin 2001, pet. ref'd). Additionally, as the judge of the credibility of the witnesses, the jury can believe all, some, or none of the testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex.Cr.App. 1991). Moreover, circumstantial evidence, alone, may be sufficient to support the jury verdict. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Cr.App. 1999). Considering the evidence, we conclude it is factually sufficient to support the verdict and is not so weak as to be clearly wrong and manifestly unjust. Johnson, 23 S.W.3d at 11. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

9

Don H. Reavis
Justice

Do not publish.