COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-414-CR

 

 

KENNETH COX                                                                     APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Introduction








Appellant Kenneth Cox appeals his conviction for
recklessly causing serious bodily injury to a child.  See Tex. Penal Code Ann. ' 22.04(a)(1)
(Vernon Supp. 2008).  In two issues,
appellant asserts that (1) the trial court abused its discretion by failing to
conduct a hearing on his motion for new trial, and (2) ineffective assistance
of counsel caused him to involuntarily enter his guilty plea.  We affirm.

Background Facts

In the fall of 2006, appellant began living with
Angela Trevino and her infant son, Tristan. 
In December of that year, after visiting Angela at work, appellant
picked up Tristan from a babysitter, intending to take him home and put him to
sleep.  While being picked up, Tristan
vomited.[2]  Appellant decided that because Tristan had
vomited, he and Tristan would take a shower. 
After washing Tristan and himself, appellant left Tristan in the shower
for a brief time while appellant dressed. 
When appellant returned to take Tristan out of the shower, he noticed
that Tristan=s skin was peeling.  Appellant claims that he called Angela, who
stated that Tristan probably had just suffered from an allergic reaction.  After using some medicative cream and aloe
vera on Tristan, appellant put Tristan to bed. 
When Angela arrived home, she went into Tristan=s room,
where he was sleeping.  Upon pulling
Tristan=s covers
back, Angela noticed redness on his shoulder, which she believed to be a rash.








The next morning, Angela saw more redness on
Tristan and became more concerned. 
Angela went to a friend=s house
so that the friend could examine Tristan. 
Upon the friend=s recommendation, Angela then
took Tristan to a hospital.  Tristan
stayed in critical care for three weeks after being diagnosed with severe burns
on over forty percent of his body (including his face, left side, and genital
area) as well as bruising across several parts of his face.  During his hospital stay, Tristan was
required to eat and urinate through tubes and he lost approximately ten
pounds.  Tristan was also required to
participate in several months of therapy. 
As a result of the burns, Tristan sustained (among other problems)
scarring on several parts of his body and developmental delays in speaking and
eating, and he also required surgeries on one of his eyes to repair nerve
damage.[3]








In February 2007, appellant was indicted for
three offenses related to causing Tristan=s
injuries.  The indictment contained a Adeadly
weapon finding notice@ which alleged that appellant
used hot liquid while knowing it was capable of causing death or serious bodily
injury.  On June 11, 2007, appellant
entered an open plea of guilty to recklessly causing Tristan=s
serious bodily injuries (a second degree felony), admitted that the deadly
weapon paragraph in the indictment was true, signed written admonishments, and
waived several statutory and constitutional rights.  Appellant also signed an Application for
Community Supervision, swearing that he had not previously been convicted of a
felony offense.  The trial court deferred
any finding regarding appellant=s guilt,
requested a presentence investigation report, and postponed sentencing.

In October 2007, the trial court held a hearing
related to appellant=s guilty plea and his
sentencing.  During the hearing,
appellant admitted that he caused Tristan=s
injuries by subjecting him to extremely hot water.  After the trial court heard arguments from
appellant=s counsel and the State, it
accepted appellant=s guilty plea, found him guilty,
found that the deadly weapon allegation contained in the indictment was true,
and assessed punishment at eight years=
confinement.  In November 2007, appellant
timely filed a motion for new trial in which he contended that the range of
punishment he was subjected to by pleading guilty was inadequately explained by
his trial counsel and that his guilty plea was therefore rendered
involuntary.  The trial court never set a
hearing on appellant=s motion, and the motion was
denied by operation of law.  See
Tex. R. App. P. 21.8.








                Failure
to Conduct a Hearing on the Motion for New Trial

In his first issue, appellant argues that the
trial court abused its discretion by failing to conduct a hearing on his motion
for new trial.  A trial court=s
decision regarding whether to hold a hearing on a motion for new trial in a
criminal case is reviewed by an abuse of discretion standard.  See Martinez v. State, 74 S.W.3d 19,
22 (Tex. Crim. App. 2002); Wallace v. State, 106 S.W.3d 103, 108 (Tex.
Crim. App. 2003).  In applying this
standard, we may not substitute our judgment for that of the trial court;
instead, we must decide whether the trial court=s
decision was arbitrary or unreasonable.  Holden
v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

In Wallace, the Texas Court of Criminal
Appeals discussed the standards related to holding a hearing on a motion for
new trial, explaining that

[a] defendant is entitled
to a hearing on his motion for new trial if the motion and accompanying
affidavit(s) Arais[e] matters not
determinable from the record, upon which the accused could be entitled to
relief.@  Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993).  To be sufficient
to entitle the defendant to a hearing, the motion for new trial and
accompanying affidavit(s) Aneed not establish a prima facie case@ for a new trial.  Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994).  Rather, they Amust merely reflect that
reasonable grounds exist for holding that such relief could be granted.@  Martinez v. State, 74 S.W.3d 19, 22
(Tex. Crim. App. 2002).  The purpose of
the hearing is to give the defendant an opportunity to fully develop the
matters raised in his motion.  Id.
at 21. 

 








Wallace, 106 S.W.3d at 108; see Jordan, 883
S.W.2d at 665 (explaining that Aif the
defendant=s motion and affidavit are
sufficient, a hearing on the motion is mandatory@).  An allegation of ineffective assistance of
counsel contained in a motion for new trial is a matter that may not be
determinable from the record, therefore requiring the trial court to conduct a
hearing.  See Reyes, 849 S.W.2d at
816.

However, the right to a hearing on a motion for
new trial is not absolute; rather, it is conditioned on presenting the filing
of the motion and the request for the hearing to the trial court.  Rozell v. State, 176 S.W.3d 228, 230
(Tex. Crim. App. 2005); Thompson v. State,  243 S.W.3d 774, 776 (Tex. AppCFort
Worth 2007, pet. ref=d); see Tex. R. App. P.
21.6 (requiring that a motion for new trial must generally be presented to the
trial court within ten days of its filing). 
In other words, the trial court Ashould
not be reversed on a matter that was not brought to the [court=s]
attention.@ 
Rozell, 176 S.W.3d at 230. 
As the Texas Court of Criminal Appeals explained in Rozell,

[p]resenting the motion
for new trial and the request for a hearing is akin to objecting to the
erroneous admission of evidence.  Absent
a proper objection that alerts the trial court to the erroneous admission, the
error has not been preserved for appellate review. Thus, a reviewing court does
not reach the question of whether a trial court abused its discretion in
failing to hold a hearing if no request for a hearing was presented to it.

 

Id.








The mere filing of a motion for new trial is not
enough to show presentment.  Carranza
v. State,  960 S.W.2d 76, 78 (Tex.
Crim. App. 1998).  Rather, to establish
presentment, the record must indicate that the trial court received actual
notice of the motion and the request for a hearing.  Id. at 79.  To do so, the record must establish that the
defendant Aactually deliver[ed] the motion
for new trial to the trial court or otherwise [brought] the motion to the
attention or actual notice of the trial court.@  Id. 
The presentment may be evidenced, for instance, by the record indicating
Athe
judge=s
signature or notation on a proposed order or by a hearing date set on the
docket.@  Id. 
The defendant bears the burden to demonstrate that proper presentment
has occurred.  See Burrus v. State,
Nos. 02‑07‑00251‑CR, 02‑07‑00252‑CR,
2008 WL 3877301, at *6 (Tex. App.CFort
Worth Aug. 21, 2008, no pet.) (mem. op.).

In Burrus, though the appellant timely
filed her motion for new trial, there was

no ruling on the motion,
no proposed order containing the judge=s signature or notation, and no notation on the
docket sheet of a hearing date set on the motion.  The only suggestions of presentment
include[d] a statement in the motion titled, ACertificate of
Presentment,@ and a notation in the
docket sheet stating that the motion for new trial was filed on August 18,
2006.

 








Id.  We
concluded that the certificate of presentment and the notation in Burrus
were insufficient to establish that the trial court received actual notice of
the motion for new trial, and therefore held that the trial court did not err
in failing to hold a hearing on the motion. 
Id. at *7; see also Owens v. State, 832 S.W.2d 109, 111B12 (Tex.
App.CDallas
1992, no pet.), overruled on other grounds by Davis v. State, 870 S.W.2d
43, 46 (Tex. Crim. App. 1994) (holding that a ACertification
of Service and Presentment@ was
insufficient to establish that the trial court received actual notice of the
defendant=s motion for new trial).

Here, appellant filed his motion for new trial on
November 27, 2007.  The motion contained
a certificate of presentment which stated A[b]y
signature above, I hereby certify that a true and correct copy of the above and
foregoing has been transmitted to the Office of the Criminal District Court
Number 4 of Tarrant County, on this day, November 21, 2007.@  However, the record contains no signed order
setting a hearing, no docket entries related to the motion, no ruling on
appellant=s motion, and no proposed order
containing the judge=s signature.   








We hold that the self-serving certificate of
presentment, by itself, was insufficient to establish that the trial court
received actual notice of appellant=s motion
for new trial, and was therefore insufficient to establish proper
presentment.  See Burrus, 2008 WL
3877301 at *6B7;  Owens, 832 S.W.2d at 111B12.  For this reason, the trial court did not
abuse its discretion by failing to conduct a hearing on appellant=s motion
for new trial.  See Rozell, 176
S.W.3d at 230; Tex. R. App. P. 21.6. 
Therefore, we overrule appellant=s first
issue.

Ineffective Assistance of
Counsel

 

In his second issue, appellant contends that
ineffective assistance of his trial counsel caused him to involuntarily enter
his guilty plea.  To establish
ineffective assistance of counsel, appellant must show by a preponderance of
the evidence that (1) his counsel=s
representation fell below the standard of prevailing professional norms, and
(2) there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). 








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63. 

The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair and reliable trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding being challenged.  Id. at 697, 104 S. Ct. at 2070. 








A reviewing court will rarely be in a position on
direct appeal to fairly evaluate the merits of an ineffective assistance
claim.  Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).  It is inappropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata
v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Failure to advise a defendant on the consequences
of a guilty plea may constitute ineffective assistance.  Jackson v. State, 139 S.W.3d 7, 18B21 (Tex.
App.CFort
Worth 2004, pet. ref=d).  However, when a defendant is properly
admonished, and states that he is entering his guilty plea freely and
voluntarily, Athis establishes a prima facie
case that the plea was knowing and voluntary.@  Mallett, 65 S.W.3d at 64.  Also, to establish ineffective assistance of
counsel in pleading guilty to an offense, Athe
defendant must show that there is a reasonable probability that, but for
counsel=s
errors, he would not have pleaded guilty and would have insisted on going to
trial.@  Hill v. Lockhart,  474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).








Appellant asserts that his trial counsel failed
to advise him that pleading true to the deadly weapon notice contained in his
indictment prohibited the trial judge from considering appellant for community
supervision.  See Tex. Code Crim.
Proc. Ann. art. 42.12 ' 3g(a)(2) (Vernon Supp. 2008); State
v. Webb,  244 S.W.3d 543, 548
(Tex. App.CHouston [1st Dist.] 2007, no
pet.) (noting that a deadly weapon finding precludes a trial judge from
granting community supervision). 
Appellant argues that if he had known about this consequence, he would
not have entered his guilty plea, and that his plea was therefore involuntary.

In English v. State, we recently stated that

[t]o support a claim of
ineffective assistance of counsel where, as in this case, the complaint is that
counsel misunderstood the law regarding probation pursuant to article 42.12,
section 3g, more must be apparent from the record than trial counsel=s mere mistake.  State v. Recer, 815 S.W.2d 730, 731 (Tex.
Crim. App. 1991).  There must be evidence
that the defendant was initially eligible to receive probation, that counsel=s advice to go to the
trial judge for sentencing was not given as part of a valid trial strategy,
that the defendant=s decision to have the
judge assess punishment was based on his attorney=s erroneous advice, and
that the defendant=s decision would have
been different if his attorney had correctly informed him of the law.  Id.

 








Nos. 02‑07‑00384‑CR, 02‑07‑00385‑CR,
2008 WL 4053011, at *2 (Tex. App.CFort
Worth Aug. 28, 2008, pet. filed) (mem. op., not designated for
publication).  In English, the
appellant entered open pleas of guilty to two counts of aggravated robbery with
a deadly weapon.  Id.  At trial, English and two of his relatives
testified that English was a good candidate for community supervision.  Id. 
After the trial judge noted that English was statutorily disqualified
from receiving community supervision because of the deadly weapon finding,
English=s trial
counsel conceded that he Amight have misunderstood@ the
statutory requirements.  Id.  However, because the Aonly
thing apparent from the record [was] counsel=s mere
mistake regarding the possibility of community supervision,@ we held
that English failed to sustain his ineffective assistance of counsel
claim.  Id.; see also Isham v.
State, 258 S.W.3d 244, 252 (Tex. App.CEastland
2008, pet. filed) (determining that when Acounsel
misunderstood the law on deferred adjudication and . . . passed this
misunderstanding on to his client,@ that
mistake alone was Ainsufficient to establish an
ineffective assistance of counsel claim@); Kirk
v. State, 199 S.W.3d 467, 482 (Tex. App.CFort
Worth 2006, pet. ref=d) (holding that an ineffective
assistance claim could not be established where the record did not reflect the
reasoning behind counsel=s strategic decisions).








Here, when appellant pleaded guilty, he also
signed an application for community supervision that stated AI swear
and it is my testimony here in open court that I have never before been
convicted of a felony offense in any court of the State of Texas or in any
other state.  I request the Court to
consider this my application for community supervision.@  Appellant argues in his brief that this
statement Aprovides clear evidence that
[a]ppellant was under the mistaken impression that he was eligible for
community supervision and that the trial counsel gave [a]ppellant inaccurate
advice as to his eligibility.@  Because this argument alleges that appellant=s
counsel provided incorrect information regarding community supervision, we
construe the argument as the type of ineffective assistance challenge described
in Recer and English.  See
Recer, 815 S.W.2d at 731B32; English,
2008 WL 4053011 at *1B3.

There is evidence (including the statement
contained in appellant=s application for community
supervision) that appellant was initially eligible to receive a sentence
involving community supervision. 
However, there is no indication from the record that appellant=s
counsel=s advice
to go to the trial judge for sentencing was not given as part of a valid trial
strategy, that appellant=s decision to have the judge
assess punishment was based on his counsel=s
erroneous advice, or that appellant=s
decision would have been different if his counsel had correctly informed him of
the law.  See Recer, 815 S.W.2d at
731B32; English,
2008 WL 4053011 at *1B3.  Further, there is no evidence that apart from
his counsel=s alleged error, appellant would
Anot have
pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59, 106 S. Ct. at
370; see Ex parte Moody, 991 S.W.2d 856, 857B58 (Tex.
Crim. App. 1999).








Appellant has cited cases holding that the
failure to advise a defendant that a trial court cannot grant community
supervision in a particular circumstance constitutes ineffective assistance of
counsel, therefore rendering a guilty plea involuntary.  See, e.g., Ex parte Battle, 817 S.W.2d
81, 83 (Tex. Crim. App.1991); Stone v. State, 751 S.W.2d 579, 583 (Tex.
App.CHouston
[1st Dist.] 1988, pet. ref=d).  However, in each of these cases, the
reviewing court discussed extensive evidence submitted through affidavits or
testimony describing the advice the defendant=s
counsel had given, the details regarding the defendant=s
counsel=s
misunderstanding of how community supervision applied, and the defendant=s
initial desire (which was changed by his counsel=s faulty
advice) to either proceed to trial or be sentenced by a jury.  See Battle, 817 S.W.2d at 83; Stone,
751 S.W.2d at 582B83.  The record in this case contains no such
evidence regarding any of these matters.

Therefore, from the limited record in this
appeal, appellant has failed to satisfy the second prong of Strickland by
demonstrating a reasonable probability that, but for his counsel=s
alleged deficiency, the result of his case would have been different.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; see Recer, 815 S.W.2d at 731.  Thus, we overrule appellant=s second
issue.








                                                Conclusion

Having overruled both of appellant=s
issues, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  LIVINGSTON, GARDNER, and
WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 23, 2008











[1]See Tex. R. App. P. 47.4.





[2]Testimony during
appellant=s sentencing hearing
conflicted as to appellant=s reaction to Tristan vomiting.  Appellant testified that he helped the
babysitter clean up the vomit, while Angela testified that the babysitter said
that when Tristan vomited, appellant became upset, and the babysitter cleaned
up the vomit by herself.





[3]Angela testified that
appellant originally told her that Tristan=s babysitter had caused Tristan=s injuries, and that
appellant changed his story about the incident several times, but that he later
confessed that he had caused the injuries. 
Based upon appellant=s alleged inconsistencies in his story and upon
appellant=s alleged angry reaction
when Tristan vomited, Angela (as well as the State) contended that appellant
caused Tristan=s injuries
intentionally.  Appellant testified that
he did not cause the injuries intentionally and did not realize the shower=s water was hot enough to
burn Tristan.