## A. W. LINDSEY v. THE STATE.

No. 19666.   Delivered April 27, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Kirby, King & Overshiner*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of property over the value of $50.00; the punishment, two years' confinement in the State Penitentiary.

Mrs. Leeper testified for the State that she was a widow; that on or about the 8th day of May, 1937, some one came to her place and without her knowledge and consent took thirty-eight boiler flues. Sam Lindsey, a brother of the appellant, testified that on or about the same day, he and Flippen were employed by appellant to haul some boiler flues for him to Abilene. That appellant told them the flues belonged to him. Appellant did not testify as a witness in his own behalf, but contended that the stolen property was not of sufficient value to bring it within the category of a felony. There was quite an issue raised as to the value of the property. The testimony shows that the flues were about 16 feet in length, 3½ inches in diameter and weighed about 50 pounds each and were

in good condition. The trial court correctly required the jury to find that the flues were of the value of $50.00 at the time and place they were taken.

Appellant has brought forward a number of exceptions relating to the manner and method of proving the value of the flues at the time and place of taking. Mr. Britton, who qualified as knowing the market value of boiler flues in Fisher County on the date of the alleged offense, testified that the value of flues of the kind and character in question was about 41 cents per foot. Other witnesses testified to lower values. There was also testimony as to the market value of the kind and character of the flues in question at Abilene, some 37 miles from the place where they were taken in Fisher County, less the cost of transportation. We think this testimony was admissible to show such market value in view of the modern means of transportation. Due to this factor, market value is affected but little by distance.

Moreover, the determination of the question of value was within the province of the jury under an appropriate instruction from the court, and this Court would not be justified in disturbing their findings under such circumstances.

All other matters complained of have been examined by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—A re-examination of the record in the light of appellant's motion for rehearing leaves us of opinion that bills of exception 1 to 5, inclusive, fail to present reversible error.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.