# APRIL 3, 1946

### FRED DARTY V. THE STATE.

No. 23292. Delivered February 13, 1946.
Rehearing Denied March 20, 1946.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) April 3, 1946.

The opinion states the case.

*Cox & Cox,* of Sherman, for appellant.

*Olan R. Van Zandt,* County Attorney, and *George T. Avery and H. A. Lampman,* Assistant County Attorneys, all of Sherman, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Felony theft is the offense; the punishment, two years in the penitentiary.

Appellant confessed to the theft of two leather belts and an electric fan belonging to an ice company. He did not challenge the confession or deny the theft, upon the trial of the case.

The sole issue presented for the jury's consideration was the value of the stolen property. The State's testimony showed that the value thereof was in excess of $50.00, while that of the appellant showed that it was less than $50.00, thereby reducing the offense to a misdemeanor.

Appellant sought, by oral motion, a postponement of the case in order that his witnesses might inspect the stolen property with a view of testifying to its value. The motion, not having been reduced to writing and sworn to, was not a statutory one. It was, therefore, one addressed only to the equitable powers of the court.

In view of the fact that appellant's witnesses were accorded the privilege of a full inspection of most of the stolen property and did testify relative to the value thereof, we are unable to see wherein the trial court abused his discretion in refusing to grant the postponement, or that appellant was injured thereby.

Several bills of exceptions appear complaining of the State's testimony relative to the value of the stolen property. As we understand this record, the State's testimony was sufficient to show not only that the stolen property had a cash market value but also what its value was. Such is one of the approved methods of establishing the value of stolen property in a theft case. 41 Tex. Jur., p. 27. Moreover, we note that the appellant reserved no objection to the court's charge as to the manner in which the question of value of the stolen property was submitted to the jury.

We are unable to reach the conclusion that reversible error is reflected by the record before us, and the judgment of the trial court is therefore affirmed.

·. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists we were in error in holding that the State had a right to prove the market value of the leather belts alleged to have been stolen in so far as their value in Dallas County was concerned.

The evidence shows that there was no place in Grayson County where such articles as these belts were bought and sold, but it is clear that the price of such belts to one desiring to purchase same would be governed by what same would sell for in nearby Dallas County, where such had a market value, and such value at Dallas would control in Grayson County, and that such value was the same in each county. That these belts sold for $7.50 a square foot wherever purchased.

We call attention to the case of Odell v. State, 44 Tex. Cr. R. 307, 70 S. W. 964, wherein it was held that a witness who testified that he did not know the market value of binoculars in Bosque County, the place of trial, but did know such value in Waco, McLennan County, and that such values were standard, was allowed to give testimony of such value in Waco, and no error was shown therefrom.

In 41 Tex. Jur., p. 187, it is said:

"Testimony as to market value of the property in other counties is admissible where its market value is shown to be the same everywhere."

If it be conceded that only market value in Dallas was proven, and that the belt was shown to have none in Grayson County, then we quote from Lindsey v. State, 135 Tex. Cr. R. 158, 117 S. W. (2d) 447:

"There was also testimony as to the market value of the kind and character of the flues in question at Abilene, some 37 miles from the place where they were taken in Fisher County, less the cost of transportation. We think this testimony was admissible to show such market value in view of the modern means

'of transportation. Due to this factor, market value is affected but little by distance."

We believe this cause was properly decided in the original opinion, and we adhere to the views therein expressed. The motion will therefore be overruled.