IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-067-CR





ROBERT RUIZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY 



NO. 352,971, HONORABLE WILFRED AGUILAR, JUDGE


 





PER CURIAM

 The trial court found appellant guilty of criminal trespass and assessed punishment
at incarceration for thirty days and a $500 fine, probated. Tex. Penal Code Ann. § 30.05 (West
1989 & Supp. 1992).

 At approximately 4:45 a.m. on March 18, 1991, Austin police officer Duane
McNeil responded to a call reporting a suspicious person with a gun at the Marshall Apartments,
1404 East 12th Street. A resident of one of the apartments in the complex told the officer that
someone had just broken into the apartment next door. Hearing the sounds of persons inside this
apartment, Walsh opened the door and found appellant and two juveniles. McNeil observed what
appeared to be fresh graffiti on the walls of the apartment, which was vacant. From the presence
of spray paint cans in the apartment and paint on their hands, McNeil concluded that appellant and
his companions had been painting the graffiti when interrupted by the officer. Thomas Walsh, a second officer who arrived at the apartment shortly after McNeil, gave similar
testimony concerning the appearance of the apartment.

 The manager of the Marshall Apartments, Mario Vasquez, testified that he learned
of the break-in from a conversation with the next-door neighbor and a call from the police. 
Vasquez testified that he had been in the apartment the day before and that the graffiti had not
been present. Vasquez also discovered that a bedroom window had been broken since his
inspection of the apartment. Vasquez identified four photographs he took inside the apartment
showing the graffiti painted on the walls. Vasquez testified that, as agent for the owners, he did
not give appellant permission to enter the apartment.

 In his first point of error, appellant contends the evidence is insufficient to sustain
the conviction. This contention is based primarily on discrepancies in the testimony concerning
the apartment number and the date of the break-in. The officers testified that appellant was found
and arrested inside apartment 102 on March 18. Vasquez testified that "on March 19th, the next
day, in the morning" he learned that apartment 101 had been entered and vandalized. The precise
date is significant because Vasquez testified that he had inspected the apartment on the afternoon
before he learned of the break-in and it was undamaged at that time. If Vasquez learned of the
break-in on March 19, that would mean that the apartment to which he referred in his testimony
could not be the apartment in which the officers discovered appellant on the morning of March
18.

 It is apparent from a reading of their testimony as a whole that McNeil, Walsh, and
Vasquez were describing the same incident. There is no evidence that Vasquez knew the exact
time of the break-in, or whether it had occurred before or after midnight. Asked by the
prosecutor when he first learned that persons had been in the apartment without his permission
on March 18, and knowing that he had learned of the incident "the next day, in the morning," it
is understandable that Vasquez would assume that "the next day" was March 19. The court could
reasonably conclude from the evidence as a whole that Vasquez learned of the break-in on the
same morning it occurred, March 18. The court also could reasonably conclude that the
apartment in which Vasquez took photographs of spray-painted graffiti and into which appellant
did not have permission to enter was the same apartment in which McNeil discovered appellant,
with paint on his hands and spray paint in his possession, standing near freshly-painted graffiti. 
 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). The elements of the offense of criminal trespass are: (1) a person; (2)
without effective consent; (3) enters or remains on the property or in a building of another; (4)
knowingly or intentionally or recklessly; (5) when he had notice that entry was forbidden or
received notice to depart but failed to do so. Day v. State, 532 S.W.2d 302, 306 (Tex. Crim.
App. 1976). There is no dispute that appellant is a person or that he entered a building belonging
to another. Vasquez testified that this entry was without his consent. Vasquez also testified that
the apartment had been locked, and the evidence supports the inference that entry was gained
through the broken window. From this, the court could reasonably conclude that appellant knew
that entry was forbidden and that he had entered intentionally, knowingly, or recklessly. Point
of error one is overruled.

 In his second and last point of error, appellant complains that the court abused its
discretion by granting the State's oral request for a continuance. Trial began on November 5,
1991. After Walsh and Vasquez testified, the prosecutor asked for a continuance for the purpose
of calling McNeil to testify. The court granted this request, recessing the trial to resume the
following day. Appellant contends this was error, as none of the requisites for a statutory
continuance were met. Tex. Code Crim. Proc. Ann. art. 29.13 (West 1989); Gentry v. State, 770
S.W.2d 780, 786-88 (Tex. Crim. App. 1988).

 Trial courts possess an equitable power to grant a continuance of trial that is
independent of the statutes governing continuances. Darty v. State, 193 S.W.2d 195 (Tex. Crim.
App. 1946); O'Rarden v. State, 777 S.W.2d 455, 459 (Tex. App.--Dallas 1989, pet. ref'd). 
Moreover, Gentry and the other cases cited by appellant involve appeals from denials of oral
motions for continuance. While it might not have been an abuse of discretion for the court to
deny the State's request, it does not follow that it was an abuse of discretion to grant it. We hold
that the court did not abuse its discretion by concluding proceedings early one day and resuming
the next simply because this was done at the State's request.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: September 16, 1992

[Do Not Publish]