NO. 07-04-0507-CR


NO. 07-04-0508-CR


NO. 07-04-0509-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 18, 2005


______________________________



JESSE DOMINGUEZ HERNANDEZ,



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NOS. B-15,449-0403 & B-15,450-0403; HON. ED SELF, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Jesse Dominguez Hernandez (appellant) appeals his convictions for aggravated
sexual assault of a child (Cause no. B-15450-0403) and two counts of indecency with a
child (Cause no. B-15449-0403, counts II and III). He pled not guilty, and the cause was
tried to a jury. The latter found him guilty of the charges and assessed punishment at 20
years imprisonment for the aggravated sexual assault and five years imprisonment for the
indecency offenses. Appellant timely appealed the decision and received appointed
counsel. 

 Appellant's counsel moved to withdraw, after filing a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he
searched the record and found no arguable grounds for reversal. The record illustrates that
counsel notified appellant of his right to review the appellate record and file his own brief
or response. We also informed appellant that any response he cared to file had to be filed
by April 28, 2005. To date, appellant has neither filed a pro se response nor moved for an
extension of the April 28th deadline.

 The sole ground raised by counsel involved the legal and factual sufficiency of the
evidence. And, in addressing it, counsel explained why the evidence was sufficient to
satisfy both standards. We too reviewed the evidence of record and found it to be both
legally and factually sufficient to support the convictions. Our independent review of the
appellate record also failed to uncover any other type of arguably reversible error. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an
independent review). 

 Accordingly, we grant the motion to withdraw and affirm the judgment of the trial
court viz cause numbers B-15,450-0403 and B-15,449-0403, counts II and III. 

 


 Brian Quinn 

 Justice

 

Do not publish. 



iberation on punishment, and the trial court erroneously
instructed the jury in response to the written questions (issue three); and (3) appellant's
trial counsel was ineffective for failing to properly investigate and have a witness
subpoenaed for trial, and for failing to seek an accomplice witness instruction to the jury
(issues two and four). We will address the issues in the foregoing order. 

ISSUE 1: REFUSAL TO GRANT MOTION 

FOR CONTINUANCE 

 By his first issue, appellant contends that the trial court erred in denying his oral,
unsworn motion for continuance made during the guilt-innocence phase of trial. Appellant
recognizes that motions for continuance must be in writing, sworn to, and are addressed
to the discretion of the trial court. See Tex. Crim. Proc. Code Ann. arts. 29.03 and 29.08
(Vernon 1989). (2) He argues, however, that the motion was an equitable motion which was
not required to be in writing. He refers to Darty v. State, 149 Tex.Crim. 256, 193 S.W.2d
195 (1946), and cases containing language similar to that used in Darty referencing
consideration of oral motions for continuance according to equitable principles.

 The State cites numerous cases subsequent to Darty in asserting that the Court of
Criminal Appeals has consistently held that Articles 29.03 and 29.08 mean what they say:
motions for continuance must be in writing and sworn to, and that in the absence of a
written, sworn motion for continuance, a defendant does not preserve error for review. We
agree with the State. 

 The Texas Code of Criminal Procedure permits a continuance only upon a written
motion sworn to by the State or the defendant. See Articles 29.03, 29.08. A motion for
continuance not in writing and not sworn to preserves nothing for review. See Dewberry
v. State, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999), and authorities cited therein. In
Dewberry the appellant sought to have the Court of Criminal Appeals hold, via its equitable
powers, that error was preserved by oral motions for continuance which were made during
trial. See id. at n.22. The Court specifically declined to do so. See id. 

 Appellant's motion was not merely a request for a recess or temporary delay of the
trial because of the temporary absence of a witness or other difficulty which appellant
urged would be corrected within some particular time expressed to the trial judge. See
White v. State, 982 S.W.2d 642, 646-47 (Tex.App.--Texarkana 1998, pet. ref'd). The
record reflects no evidence or allegation of how long it would have taken to subpoena the
witness, or even if the witness would have ever been served with a subpoena. 

 We believe that the Court of Criminal Appeals meant what it said in Dewberry: an
oral motion for continuance during trial does not preserve error for appellate review, even
in the face of an assertion that the Court's equitable powers allow consideration of the
issue. See Dewberry, 4 S.W.3d at 755 & n.22. If a change is to be made in such rule, the
Court of Criminal Appeals is the proper forum for change. Appellant's oral motion for
continuance during trial did not preserve error for review. Appellant's first issue is
overruled. 

ISSUE 3: TRIAL COURT'S RESPONSE TO JURY 

QUESTIONS DURING DELIBERATIONS 

 After the jury was charged as to punishment and was deliberating, the jury sent out
a note asking the judge three questions: (1) could the jury discuss a media report that the
defendant turned down a plea bargain; (2) could the jury discuss whether defense counsel
was court appointed; and (3) how would the defendant pay a fine. After the trial judge read
the note to counsel for the State and appellant, appellant moved for a mistrial. He asserted
that the first question indicated one or more of the jurors had disregarded the court's
instructions and had either listened to or seen a media report on the case, or had
discussed the case with someone prior to retiring to deliberate. Subject to the motion for
mistrial, defense counsel requested that the trial judge make no response to the jury's
inquiry other than to tell the jury to continue deliberations according to the evidence
received at trial, the court's charge, and instructions. The trial judge overruled both
motions and indicated that he planned to call the jury into the courtroom to address the
questions. The judge then called the jury into the courtroom. Other than as noted,
appellant did not object to the trial court's addressing the jury orally as to the questions
posed. See Article 36.27. 

 When the jury had returned to the courtroom, the judge reminded the jury of his
instruction that the jurors not follow the case in the media, then asked the jurors for a show
of hands as to any jurors who had heard or observed a media report on the case. No juror
raised a hand. The judge then told the jury: 

 You have been instructed that your deliberations must be based solely upon
the evidence admitted here before you under the rulings of the Court. And
I haven't heard a bit of evidence concerning the question that is propounded
to the Court. So the answer to that is an unequivocal "No."

 

 As to the second question, the judge stated, "'What difference does it make?' and
the answer is 'No.'" In addressing the third question, the judge instructed the jurors that
they should not concern themselves with the effect of their answers, but that they should
merely answer the questions according to the instructions that they had received from the
court. The jury then returned to its deliberations. 

 The language of appellant's third issue sets out complaints about the trial court's
refusal to simply instruct the jury to refer to the written charge previously given, and the
comments the trial court made to the jury. The body of the issue, however, addresses two
areas: receipt of and consideration by the jury of "other evidence," and the court's
comments to the jury in response to the jury's questions. Appellant urges that (1) pursuant
to Tex. R. App. P. 21.3(f) and (g), (3) the receipt of "other evidence" requires that a new trial
be granted, and (2) a new trial should be granted because the trial court abused its
discretion in making oral comments to the jury which substantially affected the rights of
appellant because appellant received a life sentence while being parole eligible.

 The State responds that: (1) error was not preserved by appellant as to either
subject area presented in the body of the issue and the complaints at trial do not
correspond with the complaints on appeal, (2) the trial court's statements were not
improper comments on the weight of the evidence, (3) the trial court's statements were not
an additional instruction to the jury, and (4) the record does not contain any evidence that
(a) the jury discussed a media report, (b) a media report influenced the jury's deliberations
on punishment, or (c) the jury disregarded the trial court's instructions to base its verdict
solely on evidence admitted at trial. The State does not challenge the form of appellant's
issue as not presenting the complaints made in the body of the issue. See TRAP 38.1(e). 

 The trial court received the jury note containing the questions posed and read the
questions to counsel. The court then stated, in substance, that it ordinarily would respond
to the jury in writing, but that under the circumstances it intended to call the jury into the
courtroom and, as diplomatically as possible, answer the first two questions "No," and tell
the jurors that they should follow the written instructions as to the last question. Appellant
moved for a mistrial. He asserted that the note indicated that one or more of the jury had
disregarded either the court's instructions not to follow the case in the media or the
instruction not to discuss the case with anyone until after deliberations began. In the
alternative, appellant requested the court to simply instruct the jury to continue deliberating
according to the evidence and the court's instructions and charge. The court specifically
denied both of appellant's requests. 

 The trial court clearly understood appellant's objections at that time and ruled on
them. Appellant preserved error to the extent a motion for new trial was not necessary to
adduce facts not in the record. See TRAP 21.2. To the extent that evidence is not in the
record to support appellant's issue, however, appellant was required to file and present a
motion for new trial to the trial court so a hearing could be conducted to adduce any
evidence necessary to support appellant's issue. See id.; Carranza v. State, 960 S.W.2d
76, 78-9 (Tex.Crim.App. 1998) (appellate court should not reverse trial court on a matter
not brought to trial court's attention). Appellant filed a Motion for New Trial, but the record
does not reflect that it was presented to the trial court. Because he did not present his
motion for new trial to the trial court, appellant did not preserve error for review, see id.,
except to the extent that we may evaluate his assertions on the record before us. 

 Appellant cites Eckert v. State, 623 S.W.2d 359, 365 (Tex.Crim.App. 1981), for the
proposition that evidence other than evidence admitted during trial is "received" when there
has been some discussion of it. Eckert, however, merely exemplifies the rule that whether
other evidence is "received" by a jury after deliberations have begun is many times a
question of both fact and degree. See id. at 364; Stephenson v. State, 571 S.W.2d 174,
176 (Tex.Crim.App. 1978). A new trial for "receipt of other evidence" is not required every
time something is mentioned among the jurors that is not supported by the evidence. See
Eckert, 623 S.W.2d at 364; Stephenson, 571 S.W.2d at 176. 

 Appellant has not proved that the jury received other evidence. The jury foreperson
questioned the judge whether a media report could be considered. No evidence
demonstrates whether the foreperson had acquired some knowledge of such a report and
made inquiry of the judge before discussing it with other jurors, whether some juror had
mentioned such a report and had been admonished by the other jurors not to discuss the
report until inquiry had been made of the judge, or whether such a report had been
discussed at length by the jurors. Simply put, the record does not demonstrate anything
beyond the note to the judge signed by the foreperson and an immediate and forceful
response by the judge that the jury was only to consider the evidence admitted at trial. We
presume that the jury followed the instructions of the court. See Cobarrubio v. State, 675
S.W.2d 749, 752 (Tex.Crim.App. 1983). Appellant has not shown that the jury "received"
evidence other than that admitted at trial within the meaning of TRAP 21.3(f), and,
therefore, has not shown that the jury engaged in misconduct proscribed by TRAP 21.3(g)
by receiving other evidence.

 We next consider the trial court's comments to the jury in response to the jury's note
and questions. We have previously set out the comments. Appellant urges that the
comments are to be analyzed as charge error and that the harm of the comments is
governed by Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App. 1984). He further posits
that his substantial rights were harmed by the comments because he was probation eligible
but the jury assessed his punishment at life imprisonment. 

 When the trial judge responds substantively to a jury question during deliberations,
that communication essentially amounts to an additional or supplemental jury instruction. 
See Daniell v. State, 848 S.W.2d 145, 147 (Tex.Crim.App. 1993). But, a communication
from the court that merely refers the jury to the original charge is not an "additional
instruction." See Earnhart v. State, 582 S.W.2d 444, 450 (Tex.Crim.App.1979). 

 The issue of harm in the context of jury charge error is controlled by Article 36.19 
and Almanza. See Daniell, 848 S.W.2d at 148 n.4. In the absence of harm, an issue
complaining of the trial court's communications with the jury should be overruled. See
TRAP 44.2(b); McGowan v. State, 664 S.W.2d 355, 358-59 (Tex.Crim.App.1984). 

 The trial court's response to the third question was no more than referral of the jury
to the original charge. Appellant did not object to the original charge, and, other than his
claim that an accomplice witness instruction should have been given, does not assert that
the charge was erroneous. The court's response to question three was not error resulting
in harm to appellant. See Earnhart, 582 S.W.2d at 450.

 The trial court's responses to the first two of the three jury questions, however, were
more than mere referrals of the jury to the original charge. The responses to the first two
questions were substantive discussions of and answers to the two questions posed. 
Therefore, we must consider the comments as additional or supplemental jury instructions
and look to the rules governing jury instructions in determining whether the substance of
such communications was improper. See Daniell, 848 S.W.2d at 147. In so doing, we
need not determine whether the comments were improper, because (1) the argument in
appellant's brief consists only of a conclusory statement that appellant was harmed
because he was sentenced to life although he was probation eligible, and (2) the trial
court's comments were, as classified by appellant's brief, in the nature of "scolding" the jury
for inquiring as to matters outside the scope of their charge and telling the jurors that they
could not consider the matters referred to because such matters were outside the
evidence. 

 Without presentation of substantive argument or supporting authorities by the party
asserting the issue, an issue cannot be adequately evaluated and will be overruled. See
Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). Appellant has waived his
complaint of harm by failing to provide substantive authority or argument as to how he has
been harmed by the comments. Furthermore, we conclude that in context of this record,
the trial court's answers and instructions to the jury in response to the first two questions
were designed to and did no more than focus the jury's attention on its charge to consider
only the evidence adduced during trial. After examining the record as a whole, we have
fair assurance that the comments, even if erroneous, did not influence the jury adversely
to appellant, or at most had no more than a slight effect. See TRAP 44.2(b); Johnson v.
State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). Accordingly, the error, if any, must be
disregarded. Id. Issue three is overruled.

ISSUES 2 AND 4: INEFFECTIVE 

ASSISTANCE OF COUNSEL

 By his second and fourth issues, respectively, appellant contends that his trial
counsel was ineffective for: (a) failing to investigate and adequately prepare for trial by not
having witness Vetisha Rimel subpoenaed to testify at trial; and (b) failing to seek an
accomplice witness instruction. The State maintains that appellant has not shown harm
from the matters alleged, even if such matters constituted deficient assistance of counsel
under appropriate standards.

 In determining whether counsel's representation was so inadequate as to violate a
defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674(1984). (4) See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Under
the first prong of the Strickland test, an appellant must show that counsel's performance
was "deficient." Strickland, 466 U.S. at 687. This requires showing that counsel made
errors so serious that counsel was not functioning as the counsel guaranteed to defendant
by the Sixth Amendment. Id. To be successful in this regard, an appellant must show that
counsel's representation fell below an objective standard of reasonableness. Id. at 688. 
Under the second prong, an appellant must show that the deficient performance prejudiced
the defense. Id. at 687. The appropriate standard for judging prejudice requires an
appellant to show that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the
evidence in order to prevail. See Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000).

 Assuming, without deciding, that appellant's counsel's failure to subpoena Vetisha
Rimel was deficient performance, the proof showed only that had Rimel been present
under subpoena, she might have testified to having been threatened by Casey Cox before
Cox was shot by appellant. Rimel's anticipated testimony would not have contradicted any
material evidence of appellant's actions in preparing to shoot and in shooting Cox. Under
the record presented, appellant has not proved to a reasonable probability that, but for
counsel's failure to subpoena Rimel as a witness, the result of the proceeding would have
been different. Appellant has failed to demonstrate prejudice from the alleged deficiency. 
See Everage v. State, 893 S.W.2d 219, 223-24 (Tex.App.--Houston [1st Dist.] 1995, pet.
ref'd). His second issue is overruled.

 In urging that his counsel was ineffective for failing to seek an accomplice witness
instruction, appellant notes that Warr, Polley and Baeza, the three gang members involved
in discussing the killing of Cox and in luring Cox to the place where she was shot, were
charged with offenses arising out of the killing of Cox. Appellant cites Article 38.14 and
various Court of Criminal Appeals cases for authority that he was entitled to have an
accomplice witness instruction in the jury charge. 

 Again assuming, without deciding, that the omission which appellant urges as
deficient performance by his counsel was in fact deficient performance, the record does
not prove that appellant was prejudiced by the omission. In addition to testimony of his co-gang members Warr and Polley, the State introduced testimony from Marvin Herrera,
another of the Southside La Familia gang members. Herrera testified that appellant
admitted killing Cox and that appellant described "how the brains went everywhere" after
he shot Cox. The State also called Corey Cain, another gang member and brother of
Jamie Cain, as a witness. Corey testified that appellant admitted shooting Cox. Russell
Johnson, a firearms and tool mark analyst with the Department of Public Safety Crime
Laboratory in Austin, testified that the bullet and casing found near the crime scene was
fired from a pistol identified as belonging to appellant and which was found concealed in
appellant's bed. 

 The accomplice witness testimony was adequately corroborated by other evidence
connecting appellant with the crime. See Article 38.14. Regardless of whether failure to
request an accomplice witness instruction was deficient performance by his attorney,
appellant has not proved to a reasonable probability that, but for counsel's failure to
request the instruction, the result of the proceeding would have been different. Appellant
has failed to demonstrate prejudice from the alleged deficiency, and has failed to prove
ineffective assistance of counsel. See Rangel v. State, 972 S.W.2d 827, 835
(Tex.App.-Corpus Christi 1998, pet. ref'd). His fourth issue is overruled. 

CONCLUSION

 Having overruled appellant's four issues, we affirm the judgment of the trial court.


 Phil Johnson

 Justice 

 

Publish.
1. There was testimony that Cox told appellant that she had been exposed to the
AIDS virus. 
2. Further references to the Texas Code of Criminal Procedure will be by reference
to "Article__."
3. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
____."
4. Appellant does not argue that the Texas Constitution provides more protection to
him in this matter than does the United States Constitution, thus we will not address his
state constitution claim separately. See Brown v. State, 943 S.W.2d 35, 36 n.3
(Tex.Crim.App. 1997).