**Damien Jermaine WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–05–00557–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 8, 2006.

Clyde Williams, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.– Harris County, Donald W. Rogers Jr., Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

A jury found appellant, Damien Jermaine Williams, guilty of the felony offense of aggravated robbery and the trial court assessed punishment at confinement for 25 years. Appellant timely filed this appeal. Appellant presents for review three points of error, contending that (1) the trial court abused its discretion in denying his oral motion for continuance; (2) the evidence is legally insufficient; and (3) the evidence is factually insufficient. For the reasons that follow, we affirm.

## BACKGROUND

In the early morning hours of January 26, 2004, complainant, Deo Sullivan, pulled into a gas station and began filling up the red Jaguar he was driving. The Jaguar was owned by complainant's long-time friend and neighbor, Richard Sears. Before complainant finished filling up, a white Lincoln Town Car pulled into the service station. Two men got out of the Lincoln and began walking toward the service station; complainant looked away for a moment to see what the driver of the Lincoln was doing because he felt "something wasn't right." Before complainant had a chance to look back, the two men who had earlier emerged from the Lincoln were "right up on [him]." They brandished their handguns at complainant. He then hid on the other side of the gas pump, and they got into the Jaguar and drove off.

The next day, complainant and Sears were notified by the Houston Police Department that the vehicle had been recovered and was in a tow yard. However, the Jaguar had been "stripped"—it had damage to the paint job, the backseat was missing, the dashboard was torn to pieces, and the Brabus Monoblock "rims" (expensive and flashy hub-caps) were missing. The day after that, Anthony Coleman, a friend of complainant who owns a detail shop that deals in, among other automobile accessories, rims, called complainant and told him a person was in his shop and trying to sell him Brabus Monoblock rims. Coleman told complainant he thought they might belong to Sears's Jaguar. Complainant drove over to the detail shop and observed the white Lincoln parked outside. Appellant was inside the store. A fight broke out between complainant and appellant; the complainant won, and he forcibly detained appellant until the police arrived. Four Brabus Monoblock rims and an antiskid control box that had been removed from the red Jaguar were later found in the white Lincoln.

### Oral Motion for Continuance

In his first point of error, appellant contends that trial court abused its discretion by denying his oral motion for continuance in violation of his Fourteenth Amendment right to due process. The State, citing to *Dewberry v. State* and the Texas Code of Criminal Procedure, argues

that "[a] motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex.Crim.App.1999); TEX.CODE CRIM. PROC. ANN art. 29.03 (Vernon 2005) ("a criminal action may be continued on the written motion of the State or the defendant, upon sufficient cause shown"). However, *Dewberry,* in a footnote, states,

> Appellant urges this Court to conclude that all of his motions for continuance preserved the issues which they raised. In order to do this, he requests this Court exercise its "equitable powers." Because appellant fails to cite any authority for this request, and we are not aware of any such authority, we refuse to do so.

4 S.W.3d at 756 n. 22. Appellant urges this Court to do the same—analyze his point of error under our "equitable powers." However, unlike the appellant in *Dewberry,* he cites case law: a Dallas Court of Appeals case, a case from this district, two Beaumont Court of Appeals cases, and a sixty-year-old Court of Criminal Appeals case. *See Darty v. State,* 149 Tex.Crim. 256, 257, 193 S.W.2d 195 (1946) (holding that oral motion for postponement of trial which was not reduced to writing and sworn to was not a statutory motion and was therefore addressed only to the equitable powers of the court); *Deaton v. State,* 948 S.W.2d 371, 374 (Tex.App.-Beaumont 1997, no pet.); *Petrick v. State,* 832 S.W.2d 767, 770 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd); *O'Rarden v. State,* 777 S.W.2d 455, 459 (Tex.App.-Dallas 1989, pet. ref'd) (op. on reh'g); *Daigle v. State,* 658 S.W.2d 774, 775 (Tex.App.-Beaumont 1983, no pet.).

Assuming there is an equitable power imbued in Texas Courts, we are not convinced that under the facts in this case appellant's due process rights under the State and federal constitutions were violated. Appellant presented the alibi witness testimony of three family members; each testified that appellant was with them at a family function during the time of the aggravated robbery. Appellant then attempted to call his girlfriend to testify. She was not present, and a bailiff for the court drove to the address where she reportedly lived. He could not locate her. Appellant's subsequent oral motion for continuance was denied. There is no reason to believe that the alibi testimony of a girlfriend, coming after the alibi testimony of three family members, would have been so convincing to the jury that the preclusion of the girlfriend's testimony violated appellant's constitutional rights.

Accordingly, we overrule appellant's first point of error.

### *Legal Insufficiency*

Appellant's second point or error is that the evidence is legally insufficient to prove (1) he was the person who committed the offense because of the deficiency of the in-court identification and (2) that property was taken in the course of committing the theft.

The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

■ At trial, the prosecutor, after complainant identified the man with the "white T-shirt" on as the man who robbed him, did not ask the court to let the record reflect that complainant had identified the defendant. The record reflects that appellant was the only person on trial in this case. At no time did appellant object or

notify the trial court that complainant had identified someone else in a white t-shirt. Indeed, two other witnesses identified appellant on the record as the "young man with the white, long-sleeved T-shirt" and the "gentlemen to my left in the white shirt, long-sleeved shirt."

"If it be appellant's contention that another person, and not he, was identified by the State's witnesses, and he does not so claim in his brief, instead only contending that the record is silent as to who robbed complainant, we believe it was incumbent upon him, by objection to the identification procedure employed ... which would reflect any possible confusion or misidentification in the in-court identification process to preserve the issue by making same part of the record." *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex.Crim.App.1981) (holding that evidence was sufficient where appellant claimed improper identification because prosecutor neglected to use preferred practice of "let the record reflect ..." to show defendant had been identified). Here, appellant did not object. Therefore, we reject his argument that the evidence is legally insufficient to show that he was person who committed the crime.

Appellant also contends that the evidence is legally insufficient to prove that any property was taken in the course of committing the robbery. *See* TEX. PEN. CODE ANN. § 29.02–03 (Vernon 2005) (stating that one of elements of an aggravated robbery offense is having an "intent to obtain or maintain control of property"). Specifically, appellant argues that there was no evidence to show that Sears was the owner of the red Jaguar or that he gave his consent to anyone to use the car. This is plainly wrong. Complainant testi-

fied that the car was Sears's and that he had permission to use it. "As fact finder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). The jury, in convicting appellant of the offense, necessarily believed complainant. The evidence is such that a rational jury could have found beyond a reasonable doubt that property was taken during the course of the robbery. Therefore, we reject appellant's argument.

We overrule appellant's second point of error.

### *Factual Insufficiency*

Appellant's third point of error is that the evidence was factually insufficient to prove (1) that he was the person who committed the offense charged and (2) that generally the evidence was factually insufficient.[1]

"There is only one question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Zuniga v. State*, 144 S.W.3d 477, 484–85 (Tex. Crim.App.2004). "[W]e view all of the evidence in a neutral light, and we will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met." *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex.Crim.App.2004) (citing *Zuniga*, 144 S.W.3d at 484–85).

---

1. Appellant's first brief makes an argument concerning the factual sufficiency of the incourt identification of appellant (essentially mirroring the argument found in the legal-sufficiency point of error). Appellant's "supplemental brief," which we construe as a reply brief, makes the more global factual-sufficiency argument.

To reiterate, the record reflects that appellant was the only person on trial in this case. At no time did appellant object or notify the trial court that complainant had identified someone else in a white t-shirt. Indeed, two other witnesses identified appellant on the record as the "young man with the white, long-sleeved T-shirt" and the "gentlemen to my left in the white shirt, long-sleeved shirt." Given this, our conclusion does not differ from that found above: we reject appellant's argument that the evidence was factually insufficient to prove that he committed the crime based on complainant's in-court identification.

■ Appellant's final argument is that, given all the evidence adduced at trial, the jury was not rationally justified in finding him guilty beyond a reasonable doubt. Appellant's contentions are based on what evidence was *not* introduced at trial: there was no DNA evidence; there was no fingerprint evidence; there were no other witnesses to the robbery; there was no line-up performed; and it was dark at the time of the robbery, therefore complainant could not have gotten a good look.

However, the factual sufficiency analysis is concerned with what evidence *was* adduced at trial: complainant made an in-court identification of appellant and he testified that he was able to get a good look at the gunman (appellant); the white Lincoln that appellant pulled up in was later discovered to hold numerous pieces from the red Jaguar; and appellant was found attempting to pawn an expensive set of Brabus Monoblock rims—the same type of rims stripped from the red Jaguar. This evidence is not "so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met." *Escamilla*, 143 S.W.3d at 817. We reject appel-

lant's argument, and accordingly overrule his third point or error.

## CONCLUSION

We affirm the judgment of the trial court in all respects.