

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-09-00355-CR**
**NO. 02-09-00325-CR**

JEREMIAH RAY TAYLOR                                           APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Jeremiah Ray Taylor argues that the trial court erred by granting the State's oral motion for continuance in cause number 1117775D and that his adjudication in cause number 1084530D should be reversed because the only evidence introduced to support that adjudication was the trial testimony from the cause in which the trial court erroneously granted the State's oral motion for continuance. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In November 2007, Taylor pleaded guilty to burglary of a habitation in cause number 1084530D, and the trial court placed him on five years' deferred adjudication community supervision. The State filed a petition to proceed to adjudication in July 2008, alleging that Taylor had violated several terms and conditions of his community supervision. Appellant later pleaded "true but" to the allegation that he had used marijuana on two separate occasions, but the trial court reinstated his community supervision.

In September 2008, a grand jury indicted Taylor for aggravated assault with a deadly weapon in cause number 1117775D. When the trial court called the case for trial in May 2009, the State made an oral motion for a continuance, contending that it needed additional time to secure the presence of several necessary witnesses (the complainant and the officers who investigated the case). A few minutes before the State moved to continue the trial, Taylor filed "Defendant's Controversion of State's Motion for Continuance," in which he argued that the State's motion for continuance should be denied because the State did not use diligence in obtaining the appearance of the missing witnesses. The trial court granted the State's oral motion for continuance, and the case went to trial in September 2009. A jury convicted Taylor of aggravated assault with a deadly weapon, and the trial court sentenced him to eight years' confinement.

In September 2009, the State filed its second petition to proceed to adjudication in cause number 1084530D. The State alleged that Taylor had violated his community supervision because he committed the new offense of aggravated assault with a deadly weapon (paragraph 1) and knowingly possessed a firearm on or about June 1, 2008 (paragraph 3). At a hearing on

2

the petition in October 2009, after his trial and conviction in cause number 1117775D, the State requested that the trial court take judicial notice of all the testimony and evidence that was presented at the trial in cause number 1117775D. The trial court took judicial notice as the State requested, found true the State's first and third paragraphs alleged in the second petition to proceed to adjudication, found Taylor guilty of burglary of a habitation, and sentenced him to eight years' confinement.[2]

In his first issue, Taylor argues that the trial court abused its discretion by granting the State's oral motion for continuance in cause number 1117775D because the motion was unwritten; unverified; and, consequently, failed to comply with the legal requisites for a motion for continuance.

It is well settled that a criminal action may be continued on the written motion of the State or of the defendant, so long as sufficient cause is shown. *See* Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). However, the court of criminal appeals has explained that a trial court also possesses discretion to grant an oral motion for continuance on equitable grounds. *See Hernandez v. State*, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973); *Darty v. State*, 149 Tex. Crim. 256, 193 S.W.2d 195, 195 (1946); *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.—Fort Worth 2005, pet. ref'd). A motion for continuance based on equitable grounds, rather than on statutory grounds, is entirely within the sound discretion of the trial court and will only call for reversal if it is shown that the court clearly abused its discretion. *Williams*, 172 S.W.3d at 733; *Williams v.*

---

[2]The trial court ordered the sentence to run concurrently with the eight-year sentence imposed in cause number 1117775D.

3

*State*, No. 03-07-00398-CR, 2008 WL 820919, at *2 (Tex. App.—Austin Mar. 28, 2008, pet. ref'd) (mem. op., not designated for publication). Thus, the trial court's ruling on a motion for continuance, equitable or otherwise, is within the discretion of the trial court and will not be reversed on appeal unless it is shown that the court abused its discretion. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997). An appellant must show that he was actually prejudiced by the trial court's decision to grant the continuance. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002); *Williams*, 172 S.W.3d at 733.

Taylor complains about the State's failure to comply with the requirements for a motion for continuance based on statutory grounds, *see* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 2006), but the trial court also possessed the discretion to grant the motion for continuance based on equitable grounds, which it apparently did. The State indicated that the motion for continuance was the first that it had asked for in this case and that it needed a continuance to secure the presence of several witnesses necessary for trial—the complainant and the investigating officers. When the trial court granted the continuance, it stated, "This will be the only continuance that I will grant for the State in this case. If this case is called again, I expect the State to be ready . . . ."

Taylor argues that he was harmed by the granting of the State's motion for continuance because "instead of proceeding to trial with no alleged victim present, he proceeded to trial facing his alleged victim who provided the only direct evidence of the assault." Taylor did not contend in his written "Defendant's Controversion of State's Motion for Continuance" or at the hearing in which the

4

State moved for a continuance that he would be prejudiced in any way by the granting of the motion for continuance. Now on appeal, Taylor only complains that the granting of the continuance afforded the State an additional opportunity to secure several witnesses, not that he was unable to effectively cross-examine any witnesses, that he was unable to adduce crucial testimony from any witnesses, that there was some form of unfair surprise that prejudiced him, or that he was otherwise denied due process. *See Dotson v. State*, 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref'd) (identifying several types of specific prejudice); *Deaton v. State*, 948 S.W.2d 371, 374–75 (Tex. App.—Beaumont 1997, no writ). Taylor has thus failed to articulate and demonstrate that he suffered any actual prejudice from the granting of the continuance. *See Williams*, 172 S.W.3d at 733; *Williams*, 2008 WL 820919, at *2. This case is similar to those cases in which the State seeks a delay to secure a witness or to secure records necessary for prosecution. *See, e.g.*, *Ashabranner v. State*, 557 S.W.2d 774, 778 (Tex. Crim. App. 1977), *overruled on other grounds by Sneed v. State*, 670 S.W.2d 262, 265–66 (Tex. Crim. App. 1984); *Worton v. State*, 492 S.W.2d 519, 521–22 (Tex. Crim. App. 1973).

We hold that the trial court did not abuse its discretion by granting the State's oral motion for continuance. Accordingly, we overrule Taylor's first issue.

In his second issue, Taylor argues that his adjudication in cause number 1084530D should be reversed because the only evidence introduced to support the adjudication was the trial testimony from cause number 1117775D, in which the trial court granted the State's oral motion for continuance. We held above that the trial court did not abuse its discretion by granting the State's oral motion

5

for continuance; therefore, Taylor's second issue, which is expressly contingent on his first issue, is unpersuasive.

Further, the State sought a continuance because it needed to secure the testimony of the complainant and the investigating officers; it did not seek a continuance to secure the testimony of any other witnesses. At trial in cause number 1117775D, Shuntae Cole and Charles Dickson, two witnesses whose testimony the State did not seek to secure by the motion for continuance, testified that Taylor had possessed a gun. Therefore, independent of the complainant's testimony that Taylor had assaulted her with a gun, the testimony of Cole and Dickson supported the State's alternative allegation in its second amended petition to adjudicate that Taylor had violated his community supervision by knowingly possessing a firearm on or about June 1, 2008. We overrule Taylor's second issue.

Having overruled Taylor's two issues, we affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

LIVINGSTON, C.J. filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 18, 2010



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00325-CR
## NO. 02-09-00355-CR

JEREMIAH RAY TAYLOR                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

-----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

-----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I respectfully concur only because I believe a trial court has the authority to *grant* an oral motion for continuance at its discretion. But, based on cases from the court of criminal appeals and this court, either party, the State or a defendant, must still file a written, verified motion for continuance to raise the *denial* of a motion for continuance as an abuse of discretion. *See Dewberry v. State*, 4 S.W.3d 735, 755–56 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000);

---

[1]*See* Tex. R. App. P. 47.4.

*Robinson v. State*, 310 S.W.3d 574, 578–79 (Tex. App.—Fort Worth 2010, no

pet.).  I write only to clarify this.  In all other respects, I join the majority opinion.

TERRIE LIVINGSTON
CHIEF JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 18, 2010