02-09-355-CR & 02-09-325-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00355-CR

NO. 02-09-00325-CR

 

 


 
 
 Jeremiah Ray Taylor
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
213th District Court OF Tarrant
COUNTY

------------

MEMORANDUM OPINION[1]

----------

          In two issues, Appellant Jeremiah Ray
Taylor argues that the trial court erred by granting the State’s oral motion
for continuance in cause number 1117775D and that his
adjudication in cause number 1084530D should be
reversed because the only evidence introduced to support that adjudication was
the trial testimony from the cause in which the trial court erroneously granted
the State’s oral motion for continuance. 
We will affirm.

          In November 2007, Taylor pleaded
guilty to burglary of a habitation in cause number 1084530D,
and the trial court placed him on five years’ deferred adjudication community
supervision.  The State filed a petition
to proceed to adjudication in July 2008, alleging that Taylor had violated
several terms and conditions of his community supervision.  Appellant later pleaded “true but” to the
allegation that he had used marijuana on two separate occasions, but the trial
court reinstated his community supervision.

          In September 2008, a grand jury
indicted Taylor for aggravated assault with a deadly weapon
in cause number 1117775D.  When the trial court called the case for trial
in May 2009, the State made an oral motion for a continuance, contending that
it needed additional time to secure the presence of several necessary witnesses
(the complainant and the officers who investigated the case).  A few minutes before the State moved to
continue the trial, Taylor filed “Defendant’s Controversion
of State’s Motion for Continuance,” in which he argued that the State’s motion
for continuance should be denied because the State did not use diligence in
obtaining the appearance of the missing witnesses.  The trial court granted the State’s oral
motion for continuance, and the case went to trial in September 2009.  A jury convicted Taylor of aggravated assault
with a deadly weapon, and the trial court sentenced him to eight years’
confinement.

          In September 2009, the State filed its
second petition to proceed to adjudication in cause number 1084530D.
 The State alleged that Taylor had
violated his community supervision because he committed the new offense of
aggravated assault with a deadly weapon (paragraph 1) and knowingly possessed a
firearm on or about June 1, 2008 (paragraph 3). 
At a hearing on the petition in October 2009, after his trial and
conviction in cause number 1117775D, the State
requested that the trial court take judicial notice of all the testimony and
evidence that was presented at the trial in cause number 1117775D.
 The trial court took judicial notice as
the State requested, found true the State’s first and third paragraphs alleged in
the second petition to proceed to adjudication, found Taylor guilty of burglary
of a habitation, and sentenced him to eight years’ confinement.[2]


          In his first issue, Taylor argues that
the trial court abused its discretion by granting the State’s oral motion for
continuance in cause number 1117775D because the
motion was unwritten; unverified; and, consequently, failed to comply with the
legal requisites for a motion for continuance.

          It is well settled that a criminal
action may be continued on the written motion of the State or of the defendant,
so long as sufficient cause is shown.  See Tex. Code Crim. Proc.
Ann. art. 29.03 (Vernon 2006).  However, the court of criminal appeals has
explained that a trial court also possesses discretion to grant an oral motion
for continuance on equitable grounds.  See Hernandez v. State,
492 S.W.2d 466, 467 (Tex. Crim. App. 1973); Darty v. State, 149 Tex. Crim. 256, 193 S.W.2d 195, 195 (1946); Williams v. State, 172 S.W.3d 730, 733
(Tex. App.—Fort Worth 2005, pet. ref’d). 
A motion for continuance based on equitable grounds, rather than on
statutory grounds, is entirely within the sound discretion of the trial court and
will only call for reversal if it is shown that the court clearly abused its
discretion.  Williams, 172 S.W.3d at 733; Williams v. State, No. 03-07-00398-CR,
2008 WL 820919, at *2 (Tex. App.—Austin Mar. 28, 2008, pet. ref’d) (mem. op.,
not designated for publication).  Thus,
the trial court’s ruling on a motion for continuance, equitable or otherwise,
is within the discretion of the trial court and will not be reversed on appeal
unless it is shown that the court abused its discretion.  See
Janecka v. State, 937 S.W.2d 456, 468 (Tex.
Crim. App. 1996), cert. denied, 522
U.S. 825 (1997).  An appellant must show
that he was actually prejudiced by the trial court’s decision to grant the
continuance.  Vasquez v. State, 67 S.W.3d 229, 240
(Tex. Crim. App. 2002); Williams, 172
S.W.3d at 733.

          Taylor complains about the State’s
failure to comply with the requirements for a motion for continuance based on
statutory grounds, see Tex. Code
Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 2006), but the trial court also
possessed the discretion to grant the motion for continuance based on equitable
grounds, which it apparently did.  The
State indicated that the motion for continuance was the first that it had asked
for in this case and that it needed a continuance to secure the presence of
several witnesses necessary for trial—the complainant and the investigating officers.  When the trial court granted the continuance,
it stated, “This will be the only continuance that I will grant for the State
in this case.  If this case is called
again, I expect the State to be ready . . . .”

          Taylor argues that he was harmed by
the granting of the State’s motion for continuance because “instead of
proceeding to trial with no alleged victim present, he proceeded to trial
facing his alleged victim who provided the only direct evidence of the
assault.”  Taylor did not contend in his
written “Defendant’s Controversion of State’s Motion
for Continuance” or at the hearing in which the State moved for a continuance
that he would be prejudiced in any way by the granting of the motion for
continuance.  Now on appeal, Taylor only
complains that the granting of the continuance afforded the State an additional
opportunity to secure several witnesses, not that he was unable to effectively
cross-examine any witnesses, that he was unable to adduce crucial testimony from
any witnesses, that there was some form of unfair surprise that prejudiced him,
or that he was otherwise denied due process. 
See Dotson v. State, 146
S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref’d) (identifying several
types of specific prejudice); Deaton v.
State, 948 S.W.2d 371, 374–75 (Tex. App.—Beaumont 1997, no writ).  Taylor has thus failed to articulate and
demonstrate that he suffered any actual prejudice from the granting of the
continuance.  See Williams, 172 S.W.3d
at 733; Williams, 2008 WL 820919, at
*2.  This case is similar to those cases
in which the State seeks a delay to secure a witness or to secure records
necessary for prosecution.  See, e.g., Ashabranner v. State, 557 S.W.2d 774, 778 (Tex. Crim. App. 1977), overruled on other grounds by Sneed v. State,
670 S.W.2d 262, 265–66 (Tex. Crim. App. 1984); Worton v. State, 492 S.W.2d 519, 521–22 (Tex. Crim. App. 1973).

          We hold that the trial court did not
abuse its discretion by granting the State’s oral motion for continuance.  Accordingly, we overrule Taylor’s first
issue.

          In his second issue, Taylor argues
that his adjudication in cause number 1084530D should
be reversed because the only evidence introduced to support the adjudication
was the trial testimony from cause number 1117775D,
in which the trial court granted the State’s oral motion for continuance.  We held above that the trial court did not
abuse its discretion by granting the State’s oral motion for continuance;
therefore, Taylor’s second issue, which is expressly contingent on his first
issue, is unpersuasive.

          Further, the State sought a
continuance because it needed to secure the testimony of the complainant and
the investigating officers; it did not seek a continuance to secure the
testimony of any other witnesses.  At trial
in cause number 1117775D, Shuntae
Cole and Charles Dickson, two witnesses whose testimony the State did not seek
to secure by the motion for continuance, testified that Taylor had possessed a
gun.  Therefore, independent of the complainant’s
testimony that Taylor had assaulted her with a gun, the testimony of Cole and
Dickson supported the State’s alternative allegation in its second amended petition to adjudicate that Taylor had violated
his community supervision by knowingly possessing a firearm on or about June 1,
2008.  We overrule Taylor’s second issue.

          Having overruled Taylor’s two issues,
we affirm the trial court’s judgments.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

 

LIVINGSTON, C.J. filed a concurring opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 18, 2010


 
 
 
 
 
 
 
 
 
  

 

 










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00325-CR

NO. 02-09-00355-CR

 

 


 
 
 Jeremiah Ray Taylor
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
213th District Court OF Tarrant
COUNTY

------------

CONCURRING
MEMORANDUM OPINION[3]

----------

          I respectfully concur only because I
believe a trial court has the authority to grant
an oral motion for continuance at its discretion.  But, based on cases from the court of
criminal appeals and this court, either party, the State or a defendant, must
still file a written, verified motion for continuance to raise the denial of a motion for continuance as an
abuse of discretion.  See Dewberry v. State, 4 S.W.3d 735, 755–56
(Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000); Robinson v. State,
310 S.W.3d 574, 578–79 (Tex. App.—Fort Worth 2010, no pet.).  I write only to clarify this.  In all other respects, I join the majority
opinion.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]The
trial court ordered the sentence to run concurrently with the eight-year
sentence imposed in cause number 1117775D.





[3]See Tex. R. App. P. 47.4.