**Affirmed and Memorandum Opinion filed November 9, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00736-CR

**NICHOLAS ALEXANDER HARPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCR-073722A**

## MEMORANDUM OPINION

In three issues, appellant Nicholas Alexander Harper appeals his conviction for evading arrest or detention with a motor vehicle. He complains that the trial court erroneously excluded evidence appellant sought to admit regarding the internal affairs investigation of the arresting officer, and that the evidence at trial was legally insufficient to prove appellant's identity as the driver of the vehicle, thus, he contends, there was insufficient evidence to support the jury verdict. Appellant also asserts the trial court erred in the denial of his motion for directed

verdict.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested at around 2:00 a.m. in May of 2016.   He was charged with intentionally and knowingly fleeing from a peace officer who was attempting to lawfully arrest or detain him and using a motor vehicle to do so.  He was also charged with possessing a firearm while having a prior robbery conviction.[1]  He pleaded "not guilty" to both offenses which were tried together before a jury.

At his trial, several officers from the Missouri City Police Department testified as to the reason for the attempted traffic stop, the ensuing car chase and its conclusion, appellant's flight from the vehicle, the foot pursuit, the handgun in the possession of appellant, the efforts taken to and the manner in which the officers restrained appellant. Excerpts from two dash-cam videos and a handful of photographs were shown to the jury and admitted into evidence.

The trial judge excluded some evidence, and a record of the excluded evidence was made outside the presence of the jury.  This evidence primarily consisted of the disciplinary record of two of the police officers involved, Wiley and Paxton.[2]   Wiley's file related to the Internal Affairs ("IA") investigation into the manner in which he obtained permission to continue pursuit of appellant. Wiley received a brief suspension as a result of his actions.  Portions of Wiley's file also reference other disciplinary infractions which occurred in the eight-month period prior to appellant's arrest.

---

[1] The possession charge, dismissed on directed verdict, is not at issue in this appeal.

[2] After the District Attorney's office obtained the internal investigation files and followed up with some of the individuals involved, it disclosed its findings along with the internal affairs investigation files it obtained.

At the close of the State's evidence, appellant's counsel moved for a directed verdict on both charges,[3] and with respect to the evading offense argued among other points not raised in this appeal, that the State had not proven beyond a reasonable doubt each element of the charge contained in the indictment.

The jury returned a guilty-verdict for the evading arrest or detention offense. Appellant pleaded not true to the enhancement before the jury, who found appellant guilty of the prior enhancing offense and assessed a sentence of four (4) years' confinement. The court entered judgment in accordance with the verdict and punishment assessment and this appeal followed.

## II. ISSUES AND ANALYSIS

Appellant complains that (1) the trial court erred in refusing to allow him to cross-examine Officer Wiley about his IA investigation concerning violations of the department's car chase policy, (2) the trial court erred in denying his motion for directed verdict and (3) the record contains insufficient evidence to support his conviction. We first address those complaints that, if meritorious, would afford appellant the greatest relief.

## A. Was there sufficient evidence to support evading-arrest-or-detention conviction?

In his second and third issues, appellant complains that the trial court erred in denying his motion for directed verdict and that the record contains insufficient evidence to support his conviction. Because we review a challenge to a trial court's denial of a motion for directed or instructed verdict as a challenge to the legal sufficiency of the evidence, we address appellant's second and third issues together. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003);

---

[3] The trial court granted appellant's directed verdict on the possession offense.

*Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge reflects the governing law, the indictment, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id.*

A person commits an evading-with-vehicle offense if he intentionally flees

from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him and uses a vehicle to flee. Tex. Penal Code 38.04(a) & (b)(2)(A). In addition to these elements, the state must provide proof identifying defendant as the person charged with the offense. Appellant challenges only the identification element.

The State may prove a defendant's identity and criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). A lack of direct evidence is not dispositive of the issue of guilt. *Id*. Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can suffice. *Id*.

Officer Wiley testified that while on patrol he identified a car that had a defective headlight. He testified that he turned his police car around, followed the vehicle, and signaled the vehicle, with the intention of making a traffic stop. The vehicle did not initially respond at first, but appeared as if it might stop in a less busy area, then took off a high rate of speed. No one contests that officer Wiley had probable cause to stop appellant.[4]

Wiley's dash cam video shows his police vehicle following appellant's vehicle, with sirens on, for over five minutes at an extremely high rate of speed in residential neighborhoods, until appellant's car crashed into a house. Shortly after the crash, a male is seen on the dash cam running from the vehicle.

---

[4] A vehicle shall display each lighted lamp and illuminating device required by this chapter to be on the vehicle: (1) at nighttime; …. Tex. Transp. Code Sec. 547.302. A motor vehicle shall be equipped with at least two headlamps. At least one headlamp shall be mounted on each side of the front of the vehicle. Tex. Transp. Code Sec. 547.321. Any peace officer may arrest without warrant a person found committing a violation of this subtitle. Tex. Transp. Code Sec. 543.001. A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Tex. Code Crim. Proc. 14.01(b).

Officer Wiley testified that appellant came from the interior of the car and that he was only a few feet away from appellant. Officer Paxton, who had joined the pursuit, testified that during the pursuit, he saw a single driver occupying the vehicle. Both officers testified that the appellant was chased and continued to attempt to flee after he had been shot with a taser.

Officer Wiley identified appellant in court as the driver of the vehicle. There was no evidence that any other person was in the vehicle at the time. The video showed one person exiting the vehicle from the passenger side. As the State suggests, this may well have been a last attempt, in the dark, to elude the officers. It is unlikely this occurrence confused the jury about the identity of the driver.

Appellant argues that the State failed to prove that appellant was the driver of the car because the State failed to provide the following proof:

A description of the driver.
The clothing of the driver.
The gender of the driver.
Fingerprints.
DNA.
That it was appellant's car.
That appellant had rented or borrowed or stolen the car.
That anyone saw appellant driving it or was near the car prior to the incident.
That the car was registered to appellant.
That there was a search in the area for another person.
That there was a search of the car for another person.
The license plate identification.
That the car was insured by appellant.
That anything inside the car linked it to appellant.

6

Appellant has not cited authority for the proposition that proof of all or any of the above factors were required to reach the threshold of proof to identify defendant as the driver charged with the evading offense. Nor have we found such authority. Our law relating to the sufficiency of evidence necessary to identify those criminally charged is demanding of certainty without limiting the state to specific forms or types of evidence. *See e.g., Pena v. State*, 441 S.W.3d 635, 641 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd)(noting that DNA evidence was not required); *see also Williams v. State*, 196 S.W.3d 365, 369 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)(affirming robbery conviction on sufficiency challenge where there was evidence available to support jury's finding, but no DNA evidence, no fingerprint evidence; no other witnesses (beside the complainant) to the robbery; no line-up performed; and where it dark at the time of the robbery, likely limiting visibility of complainant); *see also Melgar v. State*, 593 S.W.3d 913, 921 (Tex. App.—Houston [14th Dist.] 2020, pet. granted)(concluding positive sufficiency finding supported by inferences built on fact established that no other person could have committed the murder); *see also Harmon v. State,* 167 S.W.3d 610, 614 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) ("A rational jury could have found appellant guilty of aggravated robbery without DNA evidence, fingerprint evidence, or evidence of the gun or cash Newby gave to appellant").

The combined and cumulative force of all the evidence, when viewed in the light most favorable to the verdict, supports an inference that appellant was the driver that tried to out run Officer Wiley after he attempted to make the stop, and then tried to out run officers on foot. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although appellant challenges only the evidence relating to the proof of his identity, we conclude, based on our review of the record, that legally sufficient evidence supports all the elements of the evading-with-vehicle offense. Therefore, we overrule appellant's second and third issues.

## B. Did the trial court err in refusing to admit testimony about the arresting officer's internal affairs investigation?

In his first issue, appellant complains that the trial court erred in refusing to allow appellant to cross-examine Officer Wiley "regarding his disciplinary complaint with the Missouri City Police Department arising from this case, and the fact that he violated the department's policy of highspeed pursuits by initiating one in this case."

*Missouri City Police Department Policy*

During the State's examination of the Officer Wiley, he was asked about his authorization to continue to pursue appellant's vehicle. The following exchanged occurred:

*Q.* At the time of this offense, did Missouri City Police Department have policies regarding chases?

*A.* Yes, they did.

*Q.* What was that policy?

*A.* The policy was if we didn't have an offense where we're going to make an arrest, then it was up to the officer or the supervisor to discontinue the chase.

*Q.* Is a defective headlamp an arrestable offense or were you going to make an arrest for that defective headlamp?

*A.* No.

*Q.* So did you have approval or did you follow office policy as this was happening when you continued your chase?

*A.* I -- I say I did.

8

*Q.* Okay. And so when you say you did, at any point in time did you speak with the sergeant?

*A.* Yes, I did.

*Q.* And without saying what anybody said, was it your understanding that you were following office policy when you continued the chase?

*A.* Correct.

Outside the presence of the jury, the trial court heard evidence that IA investigated Officer Wiley's conduct in conjunction with the arrest, specifically about whether Wiley violated police department car chase policies. Officer Paxton also testified about his understanding of the car chase policy. The IA file indicates that the department's policy is more nuanced than either officer's testimony suggests. In the IA investigation file, one report titled "Policy 30-19 Pursuits IV", states that in order for a Missouri City police officer to initiate a vehicular pursuit, all of the following criteria must be met:

(1) the suspect exhibits:

    (a) an intention to avoid arrest, and

    (b) blatant disregard for

        (i) traffic laws,

        (ii) the safety of

            (A) the general public and

            (B) officers, and

(2) the officer has reasonable suspicion to believe that the suspect has committed an alleged felony or misdemeanor that would customarily result in a full custody arrest; and

(3) the suspect operating the vehicle refuses to stop at the discretion of the officer.

(*renumbered for emphasis*).

No officer testified on behalf of the department about the department's interpretation of this policy. However, the IA report concludes: "[b]ased on the

9

fact the initial stop was for a class C misdemeanor offense, Officer Wiley was not authorized to pursue the suspect vehicle".

*Standard of Review and Legal Standards*

We review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Seidule v. State*, 622 S.W.3d 480, 489 (Tex. App.— Houston [14th Dist.] 2021, no pet.).

Relevant evidence is generally admissible, irrelevant evidence is not. Tex. R. Evid. 402. Relevant evidence is evidence which has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Tex. R. Evid. 401. Evidence does not need to prove or disprove a particular fact by itself to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving a fact of consequence. *Gonzalez v. State*, 544 S.W.3d at 370.

Rule 404(a) prohibits evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with the character or trait, but provides that for a witness, character evidence may be admitted under Rules 607, 608, and 609. Rule 607 permits any party to attack a witness's credibility. Under Rule 608, a party may attack a witness's credibility "by

testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character," but, other than for reasons permitted under Rule 609 which are not relevant to our case, "a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack. . . the witness's character for truthfulness." Tex. R. Evid. 608(a)&(b).

Rule 404(b) prohibits evidence of a person's "other crimes, wrongs, or acts" to prove the character of a person — "in order to show that on a particular instance he acted in conformity with that character." Tex. R. Evid. 404(b)(1). However, evidence of such prior bad acts may be admissible if it has relevance apart from its tendency to prove character conformity. *Gonzalez v. State*, 544 S.W.3d at 370; see Tex. R. Evid. 404(b)(2)("such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). If evidence of prior bad acts is not relevant apart from supporting an inference of character conformity, it is inadmissible under Rule 404(b). *Gonzalez v. State*, 544 S.W.3d at 370. Additionally, if the probative value of such relevant evidence is substantially outweighed by the danger of unfair prejudice, the evidence is also inadmissible under Rule 403. *Id.*; *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).

### *Grounds for Admission Preserved for Review*

Appellant's brief cites evidentiary rules in support of his argument that the trial court should have admitted the internal affairs report. However, at trial, despite lengthy argument, appellant's trial counsel rarely cited these rules or otherwise made clear to the trial court to what rule supported admission of the report. We do not know, based on the record before us, which rule or rules of

11

evidence appellant relied on for the admission of Wiley's IA report.[5]

Appellant argues that he should have been allowed to cross-examine Officer Wiley about being disciplined in this case based on Rule 404(b)(2) of the Texas Rules of Evidence. He contends the evidence was admissible to show motive and intent. Appellant's theory as he explains it for the first time on appeal: "Officer Wiley's motive was to obtain authorization to chase the car. His intent was to lie to his sergeant to obtain that permission. He knew if he told the sergeant it was a defective headlight, the sergeant would not have allowed the pursuit, and Officer Wiley wanted to chase that car." The objection or request at trial must comport with the complaint raised on appeal. Tex. R. App. P. 33.1(a)(1); *Nino v. State*, 223 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Trevino v. State*, 991 S.W.2d 849 S .W.2d 854–55 (Tex.Cr.App.1999). To the extent the IA investigation and policy infractions yielded any relevant Rule 404(b)(2)-evidence, such as evidence of motive or intent as appellant argues on appeal, we note from our review of the record that appellant's trial counsel never asserted this ground for admissibility. Therefore, because this basis for admission does not comport with any argument stated at trial for its admission, we find the complaint as to "motive and intent" was not preserved. Tex. R. App. P. 33.1(a)(1).[6] Liberally construing the record, appellant's trial counsel made the court aware of two theories of

---

[5] And unlike the State, we do not believe appellant intended at trial or on appeal to rely on Rule 609 in support of the admission of the file. We nonetheless agree with the State that to the extent that review is desired of us, we decline to do so, finding appellant has waived the issue by failing to preserve if for review.

[6] Even presuming this ground for admission was adequately asserted at trial by comments made during the motion in limine hearing, the court was within its discretion to conclude the motive and intent appellant refers to — a motive to obtain authorization to chase the car and intent to lie to his sergeant to obtain permission to chase — were too speculative, such that the danger of confusing the issues and misleading the jury substantially outweighed the probative value. Tex. R. Evid. 403.

admission:

> First, appellant argued that the IA file was intended to show that the pursuit was in violation of police department policy and therefore probative of the "lawful arrest" element of the offense under Rule 401.
>
> Second, appellant also argued that portions of the file contradicted Wiley's testimony about police department policy and the alleged violation was therefore relevant to an attack on Wiley's credibility.

*Lawful Arrest*

We first consider whether the internal affairs investigation file was relevant to proving or disproving the offense under Rule 401. A person evades arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* Tex. Penal Code Ann. § 38.04(a).

It is undisputed that appellant's car was without a functioning headlamp, and that Wiley was had probable cause to stop appellant for this infraction. The IA file does not tend to make this fact or any other element of the offense more or less probable. Rather, the IA file is only relevant to the issue of whether Wiley's decision to initiate and continue the high-speed pursuit violated departmental policy.

The Court of Criminal Appeals recently concluded that such facts pertinent to the officer's behavior—before or after the commission of the offense— do not affect the "lawful" element of the evading arrest offense. *See Day v. State*, 614 S.W.3d 121, 127–28 (Tex. Crim. App. 2020). Thus, even assuming Wiley's continued pursuit was in violation of department policy, and even assuming the violation of that policy was unlawful, the alleged unlawful pursuit did not render illegal the attempted detention from which appellant fled. We disagree with appellant's contention that evidence of the IA investigations allegedly showing that

Wiley's pursuit was in violation of police department policy was relevant to the jury's consideration of the charged offense.

*Credibility*

Next, we consider appellant's argument that the internal affairs file was necessary to attack Officer Wiley's credibility. Any party, including the party that called the witness, may attack the witness's credibility. Tex. R. Evid. 607. The trial court permitted appellant to impeach Wiley as to any inconsistent statements that he made, but suggested in doing so he would need to avoid reference to the internal investigation file. *See e.g.*, Tex. R. Evid. 613. On appeal, appellant contends that he was unable to impeach Wiley effectively without questioning him about the internal affairs complaint. Although we disagree and note that Rule 613 does not require that the jury become privy to documents that contain the statement used to impeach the witness, appellant did not preserve the issue because appellant's trial counsel never attempted to impeach Wiley in this manner.

As an alternative credibility attack against Wiley, appellant made an offer of proof through Officer Paxton, who confirmed several statements he made to the State about Wiley before trial. The statements were disclosed to appellant's counsel in a document prior to trial and related to specific instances of Wiley's past conduct. Paxton confirmed his statement that he believed Wiley was intentionally deceptive in obtaining permission to pursue appellant and that he ignored department policy on numerous occasions. The trial court refused to allow "this document". The trial court acted within its discretion by excluding the specific instances of misconduct identified in the document under Rule 608(b).[7]    During

---

[7] Tex. R. Evid. 608(b) states "[e]xcept for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness."

the offer of proof with Paxton, appellant's counsel posed a question about Wiley's credibility in general, which potentially could have elicited permissible testimony under Rule 608(a), however Paxton's answer did not yield testimony that could be used to impeach Wilely's credibility in general.

Appellant cites — and seeks to distinguish — *Tollett v. State*, a case where our court overruled an appellant's challenge to the trial court's ruling in a DWI trial excluding evidence of a police officer's termination file from a police department where he had previously worked. In *Tollett*, the State objected to the admission of the file under Rules 608(b), 609, and 404(b); appellant relied on the Confrontation Clause of the United States Constitution and asked our court to give priority to his constitutional argument. *Tollett v. State*, 422 S.W.3d 886, 892 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Tollett sought to offer evidence about Hernandez, an off-duty officer, who testified that he had witnessed the Tollett driving recklessly and reported it to his on-duty colleague, prompting Tollett's arrest. The bill of exceptions in *Tollett* included a termination letter that indicated that Hernandez, while at a previous police department, failed to file a "use of force" form after his gun had accidently discharged, and that Hernandez had intentionally withheld information about the incident at a previous trial. *Id.*

Appellant contends that *Tollett* is distinguishable from this case because the proffered evidence here pertains to Wiley's conduct concurrent with appellant's charged offense whereas Tollett involved a proffer of facts related to an unrelated event that was six-years earlier. While it is true that in affirming the trial court's exclusion, we noted the time gap in the prior misconduct, we also stated "Officer Hernandez's decision to withhold this information has nothing in common with whether he fabricated his testimony that appellant drove recklessly." There is no question that the conduct in the instant case is more temporally proximate than the

15

6-year-old termination letter in *Tollett*, but Wiley's alleged misconduct in obtaining authority for a pursuit in an alleged deceptive manner, remains like the misconduct in *Tollett* — a specific instance of misconduct that has nothing in common with his credibility to report facts related to the evading arrest offense.

Finding no error in the exclusion of evidence related to Wiley's IA investigation and alleged infraction of department car chase policies, we overrule appellant's first point of error.

### III. CONCLUSION

We affirm.


/s/     Randy Wilson
Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).